TOWNSEND *against,* the PRESIDENT, DIRECTORS, and COMPANY of the Susquehannah Turnpike Road.

In an action against the *Susquehannah* turnpike company, for the value of a horse, killed by the fall of a bridge on the road, it was held, that the defendants were bound to bestow ordinary care and diligence in the construction of their bridges; and keeping them in repair; but are not responsible for accidents which do not arise from their neglect, or want of such ordinary care and skill.

THIS was an action on the case, brought against the defendants, under the acts of the legislature, passed the 1st *April,* 1800, and the 20th *March,* 1804, to recover the value of a horse, killed by the fall of a bridge, on the road of the defendants.

The cause was tried, at the *Green* circuit, in *December,* 1809, before Mr. Justice *Van Ness.*

A witness for the plaintiff, testified, that he drove the plaintiff's waggon with four horses, carrying a mill-stone, weighing about a ton, and that while he was crossing the

NEW-YORK,
May. 1809.

TOWNSEND
v.
The P. D. & Co.
of the Susque-
hannah Turn-
pike.

bridge, on a slow walk, the *sway girt* and two *string pieces* of the bridge broke, and the bridge fell, by which one of the horses was so much hurt, that he died in a short time. Several witnesses testified that the bridge was weak and insufficient; that the *sleepers* were made of *hemlock* wood, which was defective; that the *sway girt*, which supported the middle *sleeper*, was made of *buttonwood*, which was poor wood, and would not stand the weather, and at the time of the accident, was rotten.

The defendants proved, by several witnesses, employed to repair the road, that on the morning before the bridge fell, they had carefully examined it, and made some repairs to the covering; that the timbers appeared sound and sufficient. That the *sway girt* was sound externally, the defect being in the heart of the wood, which did not appear until after it was broke; and that the fall of the bridge was owing entirely to the breaking of the *sway girt*, the defect in which was latent, and not to any defect in the *sleepers* or other timber.

Some of the witnesses stated the value of the horse at 100 dollars.; others at 40 dollars.

The judge charged the jury, that by the act of incorporation, the defendants were bound to provide sufficient bridges for the transportation of ordinary loads; and to exercise proper care and diligence in keeping them in good repair; and that if the jury believed that the defendants had neglected to keep the bridge in question in good order, and that the injury which the plaintiff had sustained was in consequence of that neglect, the plaintiff was entitled to recover; otherwise, they ought to find for the defendants.

The jury found a verdict for the plaintiff, for 60 dollars.

A motion was made to set aside the verdict, as against evidence.

*E. Williams*, for the defendant.

NEW-YORK,
May, 1810.

*Hawkins*, contra.

Overseers of
AMENIA
v.
Overseers of
STANFORD.

*Per Curiam.* The court would have been better sa-
tisfied, if upon the facts stated in this case, the verdict
had been for the defendants ; but they cannot say that the
verdict is so strongly against evidence as to require it to
be set aside, considering that the damages are very mo-
derate, if damages at all were to be given. The defend-
ants are bound to bestow ordinary care and diligence
in the construction and preservation of their bridges.
They are not responsible for accidents, if those acci-
dents do not arise from the want of this ordinary care
and skill. But there was some evidence to this effect,
and principally in this, that the sway girt, which was the
most essential timber in the bridge was made of a poor
kind of wood which would not endure the weather.
The motion for a new trial is denied.

SPENCER, J. being interested in the company, gave no
opinion.

Rule refused.