Per Curiam.
According to the authority of Sir Mathew Hale, and which was cited in Palmer v. Mulligan, (3 Caines’ Rep. 315. 319.) a river not navigable in the common law sense of the term, and though the fee of it belongs to the owners of the adjoining banks, may still be liable to the public uses of rafting and boat navigation, as a public highway. The Battenkill has been used for rafting for twenty-six years and upwards. This was fully proved upon the trial, and no right was set up in opposition to the right founded on this usage. A usage of this length of time will, of itself, grow into a public right, and especially, where the public interest, or public convenience, is essentially promoted. Thus, a private passage leading from one part qf a public street to another, and being open to all the world, for a great number of years, was held by Lord Ellenborough to grow into a public right, which could not be interrupted. (Rex v. Lloyd, 1 Campb. 260.) In the case of Balston v. Bensted, (1 Campb. 463.) Lord Ellenborough also ruled, that twenty years’ exclusive enjoyment of water, in any particular manner, affords a conclusive presumption of right in the party so enjoying it. The case of Beales v. Shaw (6 East, 208.) was a solemn decision of the K. B. on that very point.
Though the Battenkill be omitted in the statute declaring cer *240 tain rivers and streams public highways, this omission cannot pre~ judice or impair the right, which the public may have acquired by usage. The object of the act was not to release any public right, but to ascertain and declare it, in cases where it otherwise might have been doubtful, or liable to dispute and interruption. When a river is so far navigable as to be of public-use in the transportation of property, the public claim to such navigation ought to be liberally supported. The free use of waters which can be made subservient to commerce, has, by the general sense of mankind* been considered as a thing of common right. Individuals who. occupy the adjoining banks may use the waters for their own emolument, so far only as it can be done without any material interruption of the public use. Every owner of a mill-dam on a stream which fish from the ocean annually visit, is bound to provide a convenient passage way for the fish to ascend. This point was lately decided by the supreme court of Massachusetts, in the case of Stoughton v. Baker. (4 Tyng’s Mass. T. R. 522.) The civil law contains ample and precise regulations on the whole of this subject. Every impediment to the natural course and the natural use of rivers and streams, which essentially contribute to the public benefit, becomes a public nuisance.
Judgment affirmed-