BY THE COURT.
The evidence is inadmissible. If these individuals were agents of the corporation, you must show that fact, and their acts will bind the corporation; but until that be shown, they act as individuals.
The plaintiff then proffered to prove by Rogers that he came to Zanesville with the boat, and there found an obstruction in the river, erected by the defendant, by which the boat was lost.
BY THE COURT. The evidence appears to us competent, but how far it will make out the plaintiff’s case, we are not now to decide. Admitted.
The witness then described the manner of passing the dam, by which the boat received a misdirection, struck the bridge below, and sunk. He was then asked as to the injury by the bridge.
*BY THE COURT. The case in 2 Taunton, 314, was [141 against a person who had placed rubbish in the road, at which the plaintiff’s horse took fright, and run on to other rubbish, and thereby broke the shaft of the chaise, without necessity. It was held that the defendant was not liable, because the proximate cause of the injury was the unskilfulness of the driver. In the case in 5 Taunt. 534,' it was decided, that in case for nuisance the immediate cause of the injury must be stated; and that under an averment of *142 the remote cause, and an allegation, that by means of the premises, &c., it was not competent to give evidence of the immediate cause, and therefore, that the averment, that a party had placed rubbish in a water course, &c., was not sustained by proof, that it was not the rubbish placed there by the defendant, but afterwards trod in by cattle, that did the injury. These Wo cases are not exactly in point, but they present very nice questions, which it is not necessary for us now to examine. The objection to the evidence is from the defendant; if it be for the interest of either party to show that the injury resulted from collision with the bridge, and not the dam, it must be that of the defendant. While we hold the question open, we for the present therefore sustain the objection pro forma.
Culbertson, for the plaintifE,
contended before the jury, that by the ordinance of 1161, and the acts of congress, the navigation of the Muskingum was reserved to, and remained in, the general government. The United States had never sold the soil, and therefore, the act of Ohio authorizing the dam, canal, &c., was void. He instanced the national road, and asked if Ohio would incorporate a company to change its location, or obstruct it under pretence of improving it; or obstruct the road in any other way, in the exercise of its sovereign power? He contended, also, that the neglect of the defendants to provide a slope for the passage of boats, made the dam without it, a mrisance. He cited 6 John. 90; 10 John. 236; 1 Bin. 463.
In the progress of the trial, several other objections were made to evidence, which were decided pro forma at the time, and reserved for future examination.
At the close of his argument, upon the suggestion of the court, it was agreed that the jury should assess the damages, subject to the opinion of the court upon the law, and if on the law the court should be of opinion that the plaintiffs had not made out their right to recover, then the verdict should be entered for the defendants.
142] *The jury assessed the damages at $2,136.?V, including interest.
The questions reserved were adjourned to the Court in Bank; see 5 O. 410, where the whole subject was examined, and judgment given upon the verdict for the plaintiffs.
[On reservation, Hogg v. Zanesville Can. & Mfg. Co.; 5 O. 410.]