Bosworth, Ch. J.
The canal boat, “ C. O. David,” on the 6th of October, 1860, while being navigated on the defendants’ canal, “struck against a rock or stone lying under water,” whereby the boat was sunk in the canal, and the cement in the boat was damaged to the amount of $558.61.
. The only question is whether, on the facts found by the Referee, or the evidence given, the loss is presumptively imputable to the negligence of the defendants ?”
*183 The boat was not in the custody of the defendants, or any servant of theirs, at the time it was injured. The boat and the cement in it were owned, at the time, by the Ogden Rosendale Cement Company; and JohnErink, the master of the boat, was in the employ of the latter, company.
The boat was in all respects a suitable one for navigating said canal, and was injured without any fault or carelessness of the master of the boat. The rock or stone on which it struck was on the bottom of the canal, hidden from- sight. The boat had previously made two trips under the same master, the last one being about a week prior to the injury in question. The master testified that the stone did “not look as if it had been long in the water.” Kb evidence was given tending to show by what means the stone was placed in the canal.
The defendants are not insurers that their canal shall not at any time, or under any circumstances, be in such condition as to render the navigation, temporarily dangerous.
The Company made the canal for their own profit, and opened it to the public on payment of tolls to the Company. The Company thereby and thereupon were subjected to the duty to take reasonable care, that those who are allowed to navigate it, may navigate it without danger to their lives or property. (Lancaster Canal Co. v. Parnaby, 11 Ad. & E., 223.) The defendants are bound to use reasonable care to prevent accidents.
They are not responsible for accidents if they do not arise from a want of this reasonable care. (Townsend v. The President, &c., of the Susquehannah Turnpike Co., 6 Johns., 90; Wilson v. The Same, 21 Barb., 68. See, also, The Mayor, &c., v. Bailey, 2 Denio, 433 ; and Ireland v. The Oswego, &c., Plank Road Co., 3 Kern., 526.)
Keither the nature of the defendants’ duty, nor the degree of care imposed upon them, is affected by the fact that they, by established regulations, prescribed the length and management of the boats, or the depth to *184 ■which they might load, where damage is not in any manner caused by conforming to such regulations. The accident was caused by the stone being in the canal, and there is no pretense that there was not water enough for safe navigation, if the stone had not been there.
The only other question is whether a presumption of negligence arises from the fact that the stone was in the canal ?
The burden of proof is on the plaintiffs to show facts, which tend to establish a breach of duty by the defendants. Such an allegation is essential to a cause of action, and it being put at issue by the defendants’ answer, the plaintiff must establish it by proof. (1 Cow., Hill, & Edw. Notes, 809.)
It was proved that the,boat in question, about a week prior to the accident, passed through this part of the canal, loaded, and without accident, and that the stone “ did not look as if it had been long in the water.” So far, therefore, as the evidence throws any light upon the question, it tends to show, that the stone had been there only a short time. There is no evidence that any of defendants’ agents knew it was there. Fo one testifies to having seen it previously, in the neighborhood of the place where it was sunk. Fegligence is not to be presumed, in the absence of facts proved which tend to establish its existence.
On the one hand it is urged, that the care and oversight of the canal are within the control of the defendants, and it is their duty to use reasonable care to keep it in a condition suitable for navigation: that at the time in question it was not in such a condition, and this is enough to raise a presumption of negligence, and shift the burden of proof.
On the other hand, it is argued that the canal was properly constructed, and furnished with a sufficient supply of water, and had been long in existence; that it had been put in safe condition for the business of the season, and no accident had occurred prior to the 6th of October, when the injury in question was sustained ; that the boat then *185 injured had made prior trips that season, and one pnly about a week previously,- without accident; that the stone which caused the injury complained of was at the bottom of the canal, hidden from sight, and that such facts, instead of tending to prove negligence of the defendants, tend to show the contrary.
In Withers v. The North Kent R. Co., (3 H. & N., 969,) Bramwell, B., said: “ negligence must be shown by the plaintiff. It is not enough to show that an accident arose from certain extrinsic or external causes; where is the evidence of negligence ? * * The very existence of the line for five years, notwithstanding the district was subject to floods, tended to negative the only negligence that was set up.”
In Cotton v. Wood, (8 J. Scott, N. S., 568,) it was laid down as a correct rule that-, “ where the evidence is equally consistent * * with the existence or non-existence of negligence, it is not competent to the Judge to leave the matter to the Jury. The party who affirms negligence has altogether failed to establish it. That is a rule which ought never to be lost sight of.”
In this case, the evidence is, clearly, as consistent with the theory, that the stone was in the canal without the knowledge of the defendants’ agents, and without fault on their part, as that they had knowledge of its being there, or of its having previously been in a position rendering it probable or possible that it might fall or be placed there.
In Toomey v. London, Brighton, &c., Railway Co., (3 J. Scott, N. S., 146,) Welles J., said, that, “ In order to establish a case of negligence against the defendants, it was incumbent on the plaintiff to prove some fact which was more consistent with negligence than with the absence of it.”
The Referee found correctly, on the evidence, that the defendants had no knowledge that the stone was in their canal, and that the striking of the boat on the stone was not owing to any fault or negligence of the defendants, *186 and that they were not liable for the damage to the cement.
The judgment should be affirmed.
Robertson, J.
The action in this case is brought for damages for a breach, not of duty but of contract by the defendants with the assignors of the plaintiffs, (The Ogden Rosendale Oement Company.) The contract alleged in the complaint is, that the defendants agreed with the cement company that they would float a canal boat, with a certain cargo on board, on their canal from a point thereon to the Hudson river, in consideration of the payment of tolls fixed by them, and “ would furnish sufficient water to float such boat” between those points, “without “ obstruction or delay of any kind,” except such as should arise from enforcing their regulations. The breach alleged is that such canal boat, with such cargo, started on her voyage on such canal, and while on such voyage, was “ struck against a rock or stone, which had been carelessly “ or negligently placed or allowed to be placed or laid by “ the defendants on the bottom of such canal, so as to “ obstruct the proper navigation thereof,” by which she sunk and damaged her cargo. The complaint alleges that the boat was of a “ pattern approved by the defendants as “ suitable to navigate such canal, and was allowed by “them to navigate it.” . The defense in the answer sub stantially is that if any such rock or stone was in such canal “it was wrongfully placed there by others without “ the knowledge or consent of” the defendants, and “its “ existence in the canal was not known to the defendants “ before or at the time of the ” supposed injury.
The only question of law in this case seems to be the extent of the obligation of the defendants to keep their canal free from obstructions. If, like common carriers, they are bound to insure the navigators on such canal against all accidents from unforeseen causes, and which human foresight could not reasonably have guarded against, the defendants would be responsible. If they are *187 only obliged to use reasonable diligence, and take reasonable precautions to prevent accidents, it then becomes a question of fact whether they did so in this case. The canal, like a highway or railroad, if used by others, is a mere instrument of use and profit belonging to the defendants, which they are bound to keep in proper order for use. If they tempt the public to use it, and neglect proper precautions to make it navigable and safe, they are undoubtedly liable for damages for such neglect. (Lancaster Canal Co. v. Parnaby, 11 Ad. & El., 223; Townsend v. Susquehannah Turnpike Co., 6 Johns., 90; Wilson v. Same, 21 Barb., 68, 78; Adsit v. Brady, 4 Hill, 630; Harris v. Baker, 4 Maule & S., 27.) And the rule is of universal applicability to individuals as well as public bodies, that they who induce others to make use of an instrument or article belonging to them, for a particular purpose, they retaining its possession, are bound to be innocent of all negligence in keeping it in a proper condition to be used, (Chapman v. Rothwell, 1 El. B. & E., 168; Seymour v. Maddox, 16 Ad. & El., N. S., 326; Freer v. Cameron, 4 Rich., 228,) at the peril of being responsible for damages.
But there is no consideration of public policy to enlarge the liability of the owners of a canal beyond the employment of reasonable diligence. Unless they owned the canal boats, they could reap no benefit from either the simulated or real destruction of them or their cargoes, and therefore there is no reason for putting them on a footing with common carriers, so as to render them insurers. Ho case has been cited which goes this length.
It is therefore a mere question of the fact whether the evidence shows neglect. The compliance by the cement company with the regulations of the defendants as to the character of the boat, was necessary in any case to give them a right of action at all; it does not make the liability of the defendants greater.
It is claimed that the presence at all of the stone in the canal, by which the injury was done, was prima facie evidence of negligence. This perhaps is a nice question to *188 decide, upon any principle of law; it must depend upon the frequency and consequent possibility of such an obstruction getting there, notwithstanding due diligence. It would be'impossible for a court to say, without evidence of the character of the neighboring banks, or the nature of cargoes transported, that the presence of a stone was to be attributed to negligence rather than unforeseen accident.
One thing is very clear, that the stone being Covered by Water, there was no notice of its presence until something came in contact with it. It would be unreasonable to require the defendants to sound and drag the whole length of their canal perpetually, to ascertain what obstructions might lie at the bottom, or to keep guards along the banks to prevent the commission of injuries by designing persons.
But if there be any such presumption, there was evidence enough in the case to repel it. The stone which was the cause of the injury was, as appeared in evidence, over a foot and a-half thick, of irregular shape, split or sledged off on one side. During that year, cobble stones had been lying on the banks of the canal, although none were so large. It did not appear to have been long in the water. The same vessel had passed down loaded a week previous, and up a day or two before unloaded. A witness testified that the level of the water was lowered by the drawing of the lock below, and the vessel could have got over if the level had been kept up. Under these circumstances there was room for the inference, in the absence of evidence to the contrary, that the stone had been where it was but a short time; that the defendants had no notice of its being there, and that it was placed there either by accidentally falling from a vessel, or by design of some unknown persons; and that, as found by the Referee, its presence was not owing to the fault or negligence of the defendant. (Toomey v. London, Brighton, &c., Railway Co., 3 J. Scott, N. S., 146.)
The report and judgment, therefore, were correct; and the latter should be affirmed with costs,
Barbour, J., concurred in these opinions.