WILLIAM R. WELCH, Respondent, v. THE HANNIBAL AND ST. JOSEPH RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, February 8, 1886.

1. NEGLIGENCE—KILLING OF LIVE STOCK—WHEN INJURY MAY BE AVOIDED.—If the engineer in charge of a train, after discovering live stock on or near the track in danger, fails to use proper effort to avoid injuring them, the company will be liable for any injury done.

2. PRACTICE—INSTRUCTIONS—INCONSISTENCY IN.—Where the law was properly declared for defendant by an instruction, but its liability

unduly extended in another given for the plaintiff in the same case, the error was not cured because of the proper instruction. The inconsistency between the two instructions was, itself, an error.

APPEAL from Caldwell Circuit Court, HON. JAMES M. DAVIS, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action for damages for the killing of the plaintiff's cow, through the alleged negligence of defendant's servants and agents in running its "cars and locomotive." The evidence introduced by plaintiff tended to show that his cow was killed by one of defendant's engines on the main track of its railroad within the switch limits of the town and station of Breckenridge; that the cow went upon the track when the engine was from one hundred and twenty to three hundred feet away, and that she could have been seen from the point at which she went upon the track for a quarter or a half mile from the direction from which the engine and cars were approaching; and that the bell was not rung; that the whistle was not sounded; that no effort was seen to be made to slack in the speed of the train, and that the train was running at the rate of twelve miles per hour.

For the plaintiff the court gave the following instruction:

"1. If the jury believe from the evidence that the cow in question was killed by a passing train of cars on defendant's road, and that before she was killed she was in plain view of the servants and agents of the defendant running said train, and that she was seen on defendant's track or could have been seen by the use of ordinary care and attention in time to have slackened the speed of the train and avoided the accident and they did not do so, this was such negligence as to render the defendant liable."

For the plaintiff the court gave only two other instructions, one telling the jury that they might take into

consideration all the facts and circumstances in evidence in determining the defendant's negligence; the other telling the jury that they were the sole judges of the credibility of the witnesses, and so forth.

For the defendant the court instructed the jury that no rate of speed of the train would alone make the defendant liable for the killing of plaintiff's cow.

And the court also gave for the defendant the following instruction:

"3. And the jury is further instructed, that unless the plaintiff has shown by a preponderance of evidence that the engineer saw, or knew that the animal was on the track, or was going on the track in front of the engine in time to have stopped said train in time to have avoided striking the animal, and that after knowledge that the animal was on, or going on the track in front of the train, the engineer omitted some ordinary precaution to avoid striking the animal, the jury are bound to find for the defendant."

THOS. E. TURNEY, and STRONG & MOSMAN, for the appellant.

I. The injury having occurred in the corporate limits, the proof must be of actual negligence. *Swearingen v. R. R.*, 64 Mo. 23; *Robertson v. R. R.*, 64 Mo. 412; *Wallace v. R. R.*, 74 Mo. 594.

II. The cow was not killed at a street or road crossing, and it was not negligence to fail to ring the bell or sound the whistle at place of accident. *Potter v. R. R.*, 18 Mo. App. 694; *Wallace v. R. R.*, 74 Mo. 594; *Young v. R. R.*, 79 Mo. 336.

III. The diligence required of the engineer, in such cases as this, is after discovering the animals on the track. *Young v. R. R.*, *supra; Wallace v. R. R.*, *supra; Fitzgerald v. C., R. I. & Pac. Ry. Co.*, 18 Mo. App. 391.

IV. Motion for new trial should have been sustained on account of the misconduct of plaintiff's attorney, leading the jury to disregard the evidence of defendant's witnesses. The *third* instruction given for plaintiff is in-

consistent with that numbered *three* given for defendant, which was error.

O. J. CHAPMAN, for the respondent.

I.   Where there is any evidence to establish plaintiff's case, the court cannot withdraw it from the jury. Plaintiff offered evidence from which a jury could infer negligence.   *Holiday v. Jones,* 59 Mo. 482; *State v. Turner,* 63 Mo. 336; *Alexander v. R. R.,* 63 Mo. 397.

II.   There was no misconduct by plaintiff's attorney. The remarks were harmless, and only made to off-set remarks made by defendant's attorney made to prejudice and mislead the jury.

III.   There was evidence of negligence on the part of the engineer.   When there is any testimony to support a cause of action, it should be left to the determination of the jury.   *Walsh v. Morse,* 80 Mo. 568.

IV.   Defendant's *first* instruction was a commentary on the evidence, and was argumentative.   It virtually told the jury that they must disregard all testimony as to the acts of the engineer, except his own evidence.   *Young v. R. R.,* 79 Mo. 336.

V.   This is a common law action for negligence, and plaintiff has the right to prove any negligence of the company that contributed to produce the injury, and it is the province of the jury to pass on the case, and say whether the negligence was the cause of the injury. *Braxton v. R. R.,* 77 Mo. 455; *Mapes v. R. R.,* 76 Mo. 367; *Goodwin v. R. R.,* 75 Mo. 73.

HALL, J.—The only question in this case, which we deem it necessary to determine, is the question as to the correctness of the instruction given by the court for the plaintiff, set out in the above statement.

That instruction was erroneous.   It was too broad. It improperly extended the liability of the defendant. The defendant's liability should have been confined, under the facts of this case, to a failure on the part of its servants to use ordinary care to avoid the injury after hav-

ing discovered the peril in which the plaintiff's cow was. *Young v. R. R. Co.*, 79 Mo. 341 ; *Wallace, v. R. R. Co.*, 74 Mo. 597.

. The law was properly declared in the instruction number three, given for the defendant. The error in the plaintiff's instruction was not, however, cured thereby. The inconsistency between the two instructions was itself an error. *Henschen et al. v. O'Bannon*, 56 Mo. 289 ; *Goetz v. R. R. Co.*, 50 Mo. 474 ; *State v. Nauert*, 2 Mo. App. 295.

Judgment reversed, and cause remanded. All concur.