## LEMAY v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

### DIVISION ONE.

1. **Negligence**: PLEADING: SUFFICIENCY OF PETITION.   A petition in an action against a railroad for the death of a person caused by its negligence is sufficient, which, in general terms, charges that by reason of defendant's negligence and unskilfulness in running and managing its cars, the deceased was run against and killed.

2. ———: RAILROAD: TRESPASSER.   One is not a trespasser on the company's tracks who for a long period of time and with its tacit permission has been accustomed to use the tracks for towing sand boats.

3. ——— : ——— : ——— : NOTICE.   The fact of such use is some evidence of notice thereof to the company, and is a sufficient basis for an instruction on the question of notice.

4. ———: INSTRUCTIONS.   Instructions objectionable because too indefinite may be cured by others in which the vice does not exist.

5. ——— : ——— : DAMAGES.   Where deceased was killed by its cars on the tracks of a railroad company while using them in towing sand boats, his widow, in case she prevails in the action, is entitled to recover $5,000, and an instruction fixing that amount in case of recovery is proper.

*Appeal from Jackson Circuit Court.* — Hon. J. H. Slover, Judge.

AFFIRMED.

*McDougal & Robinson* for appellant.

(1) The defendant's objection to the introduction of any evidence should have been sustained. The petition "should have set forth, with a reasonable degree of particularity, the acts which it was intended to be shown were negligently done." *Gurley v. Railroad*, 93 Mo. 451. This was not done. The petition only charged that deceased " was by the carelessness, negligence and unskilfulness of defendant's officers, agents, servants and employes, while running, conducting and managing certain cars, run over by two of said cars." "A petition with such a general allegation is worthless." *Gurley v. Railroad*, 93 Mo. 450. (2) Under the evidence in the case the court should have instructed the jury to find for the defendant. Plaintiff was a trespasser on defendant's track, and was guilty of contributory negligence. He had no right to be there. (3) The court erred in giving plaintiff's instruction, numbered 3. Said instruction was faulty in leaving it to the jury to find in a general way what constituted negligence. *Goodwin v. Railroad*, 75 Mo. 73; *Ravenscraft v. Railroad*, 27 Mo. App. 617; *Gurley v. Railroad*, 93 Mo. 445; *Wooley v. Railroad*, 5 West. Rep. 667. (4) The court erred in giving plaintiff's instruction, numbered 6. There was no testimony tending to prove that any officer, agent or employe of defendant was aware of the boatman walking on the track, and it was not the defendant's duty to ascertain this fact. It was a matter about which the defendant could not be negligent. *McLaren v. Railroad*, 8 Am. & Eng. R. R. Cases, 217; note p. 124, *Wright v. Railroad*, 2 Am. & Eng. R. R. Cases, 121; note p. 438, *Davis v. Railroad*, 15 Am. &

Eng. R. R. Cases, 424; *Railroad v. Brinson*, 19 Am. & Eng. R. R. Cases, 42; *Railroad v. State*, 19 Am. & Eng. R. R. Cases, 83, p. 88, note 90. "Except at crossings, where the public have a right of way, the man who steps his foot upon a railroad track does so at his peril. The company has not only a right, but it is exclusive at all times and for all purposes." *Mulherrin v. Railroad*, 31 P. F. Smith, 366; *Railroad v. Norton*, 12 Harris, 465; *Railroad v. Brinson*, 19 Am. & Eng. R. R. Cases, 42, p. 48, note 73.

*Warner, Dean & Hagerman* for respondent.

(1) Plaintiff's petition states a cause of action and the objection of defendant to the introduction of any evidence was properly overruled. *Garner v. Railroad*, 34 Mo. 235; *McPheeters v. Railroad*, 45 Mo. 22; *Mack v. Railroad*, 77 Mo. 234; *Schneider v. Railroad*, 75 Mo. 295; *Sullivan v. Railroad*, 97 Mo. 113. (2) The deceased was not a trespasser and the court did not err in giving plaintiff's instruction, numbered 6. *Troy v. Railroad*, 34 Am. & Eng. R. R. Cases, 18; *Davis v. Railroad*, 15 Am. & Eng. R. R. Cases, 431. (3) Even if the deceased was a trespasser, under the circumstances of this case the defendant was bound to exercise ordinary care to discover him on the track. *Williams v. Railroad*, 96 Mo. 281; *Guenther v. Railroad*, 95 Mo. 286; *St. Louis v. Crosnoe*, 37 Am. & Eng. R. R. Cases, 313; *Kay v. Railroad*, 65 Pa. St. 273; *Harriman v. Railroad*, 12 N. E. Rep. 451; *Cook v. Railroad*, 67 Ala. 533; *Railroad v. Donovan*, 4 S. Rep. 142; *Mizenor v. Railroad*, 4 S. E. Rep. 242. (4) The court did not err in giving plaintiff's third instruction. Instructions are sufficient, if taken as a whole they fairly state the law. *Moore v. Sanborn*, 42 Mo. 490; *Karle v. Railroad*, 55 Mo. 476; *Edwards v. Carey*, 60 Mo. 572. (5) Even if instruction, numbered 3, given for plaintiff is subject to the criticism, appellant

is in no position to complain as his own instructions contain the same principle. *Hazell v. Bank*, 95 Mo. 66; *Smith v. Culligan*, 74 Mo. 389; *McGonigle v. Daugherty*, 71 Mo. 259.

SHERWOOD, P. J.—Action by the widow of Frank LeMay to recover $5,000 for the death of her husband. In her petition she charged that her husband was on one of the defendant's railroad tracks by license and permission, and that while on said track, "by the carelessness, negligence and unskilfulness of the defendant, its officers, agents, servants and employes, while running, conducting and managing certain cars, was run over by two cars of said defendant, and which cars were, at the time they ran over the said Frank LeMay, carelessly, negligently and unskilfully conducted and managed by said defendant, its officers, agents, servants and employes, and received injuries thereby, from which he instantly died."

The accident occurred in Kansas City, Missouri, on one of the defendant's main tracks which runs along the bank of the Missouri river. The river, at the point of the accident, runs in an easterly direction. Front street runs east and west along the south bank of the river. Grand avenue, Main, Delaware and Wyandotte streets begin at Front street, and run north and south. Delaware is the next street west of Main, and Wyandotte is the next street west of Delaware. At the point where the deceased was run over and killed, the defendant had double and parallel tracks running east and west along the north side of Front street and on the south bank of the river, the north track being used by incoming or west-bound trains, and the south track by out-going or east-bound trains. The double tracks of the defendant were connected between Main and Delaware streets by a switch, and were on a down grade from Main street to the point where LeMay was killed.

In the afternoon of the twenty-fourth day of May, 1886, the defendant, through its agents and employes, brought out two cars from the track known as the house track, at Grand avenue, which is the second street east of Main street. At Main street the cars in question were detached, the engine passing over the switch to the out-going or south track, and the detached cars were allowed to pass down the in-coming or north track. The evidence is conflicting as to whether any-one was on the cars in question, as they passed down the north track; that of the plaintiff proving that they were unattended. The evidence is also conflicting as to the rate of speed the cars in question moved down the track after they were detached; that of the plaintiff tending to prove that they moved at the rate of fifteen miles an hour. LeMay, at the time of his death, was upon the defendant's in-coming or north track, having stepped upon it at the foot of Delaware street, and was engaged in towing a sand boat up the river to get a load of sand. The undisputed evidence proves that LeMay, while thus engaged, was overtaken by the cars in question running down the north track, at a point between Delaware and Wyandotte streets, and run over and killed. The undisputed evidence further proves that LeMay and others engaged in like employ-ment had been accustomed, for a long time prior to the accident, to walk upon defendant's north track, between Delaware and Wyandotte streets while towing sand boats up the river, because there was not room or space enough to walk between defendant's north track and the river.

There was conflict in the testimony as to how far LeMay had walked on the track before he was struck by the cars; some of the testimony being to the effect that he had walked on the track some sixty yards before being struck, and some to the effect that he had just stepped upon the track, and walked some four feet when struck by the cars and killed.

At the close of the testimony, the court at the instance of the plaintiff gave the following instructions : "1. The plaintiff, as the widow of Frank LeMay, brings this suit to recover $5,000 damages for the death of her husband, which she in her petition alleges to have been caused by the carelessness, negligence and unskilfulness of the defendant, its officers, agents, servants and employes, while running, conducting and managing certain cars of the defendant, by negligently, carelessly and unskilfully running two of said cars over her husband instantly killing him. The defendant in its answer denies the allegations of the petition, and sets up as a defense that the plaintiff's husband received the injuries from which he died by reason of his own negligence directly contributing thereto. The undisputed facts in this case show that the plaintiff's husband was, on or about the twenty-fourth day of May, 1886, run over and killed by two of the cars of the defendant, and that at the time he was so run over he was upon the track of defendant on Front street, between Delaware and Wyandotte streets in Kansas City, Missouri.

" 2.    There are two main questions to be determined by the jury :    *First.*    Was the death of the plaintiff's husband caused by the negligence of defendant?    *Second.*    Did the plaintiff's husband, by his own negligence, directly contribute to the injury?    The burden of proof is upon the plaintiff to establish by a fair preponderance of evidence the alleged negligence of the defendant ; and the burden of proof is upon the defendant to establish the alleged contributory negligence of the plaintiff's husband.

" 3.    The court instructs the jury that if they believe from the evidence in the case that the plaintiff's husband at the time in question was run over and killed at the place in question by the defendant's cars, and that the servants, agents or employes of the defendant negligently and carelessly managed the cars in question

so as to run over the plaintiff's husband, then the verdict shall be for plaintiff in the sum of $5,000, unless the jury shall further find from the evidence that the defense of contributory negligence set up in this case by the defendant has been established by a fair preponderance of the evidence.

"4. If the jury believe from the evidence in the case that at the time in question the plaintiff's husband was on the track of the defendant's railway on the levee on Front street, in Kansas City, between Delaware and Wyandotte streets, going up the track in a westerly direction, and pulling with a rope a sand boat, which was in the Missouri river, and that the plaintiff's husband and others had been accustomed, for a long time prior thereto, to use the track at said place in pulling their boats up the river, which the defendant, its servants, agents and employes knew, or by the exercise of ordinary care might have known, and that while the plaintiff's husband was so on said track as aforesaid, the defendant's servants, agents or employes negligently and carelessly caused two cars to be run on the track where plaintiff's husband was walking, and the said cars were detached from the engine, and negligently and carelessly projected onto said track where the same was down grade, and the defendant negligently and carelessly left said cars so that the same could not be stopped, or negligently or carelessly failed to stop said cars, so that the said cars ran upon the plaintiff's husband from behind him and killed him, and that the defendant knew, or by the exercise of ordinary care might have known, the danger to which plaintiff's husband was exposed, in time to have avoided a collision with the plaintiff's husband, and negligently and carelessly failed to avoid a collision with plaintiff's husband, and negligently and carelessly failed to give the plaintiff's husband warning of the approach of said cars, then the plaintiff is entitled to recover, unless the

plaintiff's husband knew, or by the exercise of ordinary care, might have known, that said cars were approaching, and could have, after he knew, or by the exercise of ordinary care might have known, that said cars were approaching, avoided a collision with the same by the exercise of ordinary care on his part."

"6.   If the jury believe from the evidence that the plaintiff's husband and others were in the habit of using the track of defendant's railway next to the Missouri river, and on which plaintiff's husband was, at the time he was killed, in towing said boats up the river, and had been in the habit of doing so continuously for a long time prior to the day in question without objection or protest on the part of defendant, or under such circumstances when, by the exercise of ordinary care, it might have known that they were using said track, and that said track was on Front street, between Delaware and Wyandotte streets, and, if from the nature of the ground lying between said track and the Missouri river, there was no other place where those towing boats up the river could reasonably be expected to go, then the court instructs the jury that the plaintiff's husband was not a trespasser in being upon said track at the time he was run against and killed."

"8.   If the jury find for the plaintiff, they will find a verdict for $5,000 on the first count of the petition, and their verdict will be in the following form: We, the jury, find for the plaintiff on the first count of the petition, and assess her damage at the sum of $5,000."

Thereupon the defendant requested the court to give the following instructions:   "2.   The jury are instructed that, under the pleadings and all the evidence in this case, the plaintiff cannot recover, and they will find a verdict for the defendant.

"3.   The court instructs the jury that if they find and believe from the evidence in the case that the deceased,

Frank LeMay, at the time he received the injury herein sued for, was not connected with, or employed upon, the defendant's road, and at said time was walking along or upon the defendant's track, then for the purposes of this action said LeMay was a trespasser thereon.

" 4.   If the jury find from the evidence, under the instructions of the court, that the plaintiff is entitled to recover a verdict in this cause, then you are instructed that she is only entitled to recover such sum as damages as the jury believe from the evidence is a just and fair compensation to her as the widow of said Frank LeMay, having reference only to her pecuniary loss resulting from such death.   The mental sufferings and grief of herself and children and loss of domestic or social happiness, or the degree of culpability of the defendant, are not proper elements in the calculation of damages.   The jury cannot award exemplary or vindictive damages in this case.   They must ascertain from the evidence the pecuniary loss sustained in dollars and cents as nearly as they can approximate thereto, and make that good.   And in making such estimate of the amount of such loss they should take into consideration such facts in proof, as tend to show the extent of the pecuniary loss sustained by plaintiff, taking into consideration the age of the deceased and all other means of making such estimate.   And in assessing the damages that plaintiff is entitled to recover, if any, the jury should disregard all testimony and statements of counsel as to the pecuniary circumstances of the plaintiff, or her children, or of the defendant.

"5.   The jury are instructed that. before the plaintiff can recover in this action, they must believe from a preponderance of the evidence, that the death of Frank LeMay was occasioned by the negligence or carelessness of the employes of defendant, in conducting and managing certain cars, while he, the said LeMay was, by the license and permission of defendant, on one of the railroad tracks of defendant, situated on the levee near the

foot of Delaware street in the City of Kansas as charged in the plaintiff's petition. And they must further believe from the evidence that the death of said LeMay resulted from an accident which could have been foreseen and guarded against by the exercise of ordinary and reasonable care and prudence on the part of defendant.

"6. The jury are instructed that if they believe from the evidence that Frank LeMay, the husband of plaintiff, was guilty of any negligence which contributed to the injury which resulted in his death, then the jury must find a verdict for the defendant, although they may further believe that the defendant was guilty of negligence as charged in the petition.

"7. The court instructs the jury that the defendant had the lawful right to move its cars along and upon its said track, either with or without being propelled or moved by an engine attached thereto. And the mere fact that the cars which run over and killed the deceased were being moved with or without an engine attached thereto, is of itself no evidence of negligence on the part of the defendant's agents, servants or employes in charge of same."

Of which the court gave numbers 5, 6 and 7, but refused the rest.

I. The petition must be held sufficient under the rulings of this court in the following cases: *Mack v. Railroad*, 77 Mo. 234; *Schneider v. Railroad*, 75 Mo. 295; *Sullivan v. Railroad*, 97 Mo. 113.

II. If the deceased and others had for a long space of time by the tacit permission of the defendant company been accustomed to use the track of defendant's road for the purpose of towing sand boats, then he was not a trespasser within the meaning of the statute, and this case is, therefore, brought within the principle announced in *Williams v. Railroad*, 96 Mo. 275, and cases cited.

III. Now as to the instructions: Special complaint is made as to the third instruction given on behalf

of the plaintiff, because it does not define the negligence of the defendant necessary to a recovery. This may be true ; but this defect is supplied by other instructions, which are sufficiently definite in this respect, e. g., the fourth instruction.

IV. As to instruction, numbered 6, given at plaintiff's instance, the testimony showing that the track where the accident occurred had long been used by boatmen when towing their boats, this of itself was some evidence of notice to the company of the track having been used in the manner aforesaid ; so that said instruction is not without a basis of evidence upon which to rest.

V. Nor is there any objection to instruction, numbered 8, by which the jury were told that, if they found for the plaintiff, it should be in the sum of $5,000 ; she was entitled to that sum if to anything.

Finding no error in the record, we affirm the judgment. All concur, but BARCLAY, J., absent.