GUENTHER v. THE ST. LOUIS, IRON MOUNTAIN &
SOUTHERN RAILWAY COMPANY, *Appellant.*

DIVISION TWO.

1. **Railroad**: INJURY TO PEDESTRIAN: NEGLIGENCE.   Although one is
struck and killed while walking on a railroad track, the company
will still be liable if deceased was in imminent peril, and defend-
ant's servants knew of such peril in time to have, by the exercise
of ordinary care, avoided the accident, or if the employes, by the
exercise of ordinary care, could have become aware of the peril in
time to have done so and failed in that regard, and owing to such
failure the deceased was killed.

2. ———— : ———— : ————: DAMAGE.   The damages to be recovered in
such case are the fixed sum of $5,000.

3. ———— : ———— : ————.   One is not a trespasser on a railroad track
who has been accustomed to use it for a long time with the com-
pany's tacit permission.   (*LeMay v. Railroad*, 105 Mo. 361.)

*Appeal from St. Louis City Circuit Court.*—HON. J. E.
WITHROW, Judge.

AFFIRMED.

*H. S. Priest* for appellant.

(1) The demurrers to the evidence should have
been sustained. *First.* The deceased was a trespasser
upon the defendant's tracks, and its servants owed him
no duty except that of not wilfully injuring him, and of
this there is no evidence. *Barker v. Railroad*, 98 Mo.
50; R. S. 1889, sec. 2611. *Second.* The deceased was
guilty of contributory negligence, which continued
down to the very moment of the collision, and was
the most conspicuous cause in its production. The
inexorable principle, however little the impression
it makes in some cases, is that if the injured party
could by the exercise of ordinary care have avoided the

results of the defendant's negligence he cannot recover. *Schaabs v. Wheel Co.*, 56 Mo. 173; *Smith v. Railroad*, 61 Mo. 590; *Fletcher v. Railroad*, 64 Mo. 490; *Lenix v. Railroad*, 76 Mo.; *Hixon v. Railroad*, 80 Mo. 335; *Bell v. Railroad*, 86 Mo. 612; *Kelly v. Railroad*, 88 Mo. 534; *Yancey v. Railroad*, 93 Mo. 433; Thompson, Negligence, 1149; *Railroad v. Wynn*, 19 Ga. 440; *Morris v. Railroad*, 4 Zab. 268; *Mackey v. Railroad*, 27 Barb. 528; *Sheffield v. Railroad*, 21 Barb. 339; *Railroad v. Kean*, 28 Am. & Eng. R. R. Cases, 580; *Yniester v. Railroad*, 29 Am. & Eng. R. R. Cases, 297; *Nichol's Adm'r v. Railroad*, 25 Rep. 172; *O'Brien v. McClinchy*, 68 Mo. 552; *Dlauhi v. Railroad*, 16 S. W. Rep. 281; *Boyd v. Railroad*, 16 S. W. Rep. 909. (2) The court erred in admitting evidence of the frequency of the use of the track by persons as a footway. (3) The plaintiff's instruction was wrong. *First.* It ignores the issue made by the pleadings. *Second.* It is inapplicable to the character of the case made by the evidence. (4) Each of the refused instructions requested by defendant should have been given. They each declare elementary propositions of law peculiarly applicable to this case.

*Rassieur & Schnurmacher* for respondent.

(1) Plaintiff's evidence did make out a *prima facie* case. Besides defendant is not in a position to ask this court to review the action of the trial court in overruling its demurrer at the close of plaintiff's case, because it proceeded to introduce evidence in its own behalf, and thereby waived the demurrer. *Bowen v. Railroad*, 95 Mo. 268; *Guenther v. Railroad*, 95 Mo. 286; *Dahlstrom v. Railroad*, 96 Mo. 99; *Eswin v. Railroad*, 96 Mo. 290; *McPherson v. Railroad*, 97 Mo. 253; *Hilz v. Railroad*, 101 Mo. 36. (2) Although plaintiff's husband was guilty of contributory negligence in being a trespasser on defendant's track, this of itself will not defeat plaintiff's right of recovery. *Hicks v.*

*Railroad,* 64 Mo. 430; *Rine v. Railroad,* 88 Mo. 392; *Rine v. Railroad,* 100 Mo. 228; *Dunkman v. Railroad,* 95 Mo. 232; *Barker v. Railroad,* 98 Mo. 50; *Kellny v. Railroad,* 101 Mo. 67; *Guenther v. Railroad,* 95 Mo. 286; *Williams v. Railroad,* 96 Mo. 275; *Frick v. Railroad,* 75 Mo. 595; *Hanlon v. Railroad,* 104 Mo. 381. ( 3 ) The court properly overruled defendant's objection to the evidence relating to the use of the track as a footway. *First.* Because defendant objected solely on the ground that the evidence was incompetent. The evidence was clearly competent. On defendant's theory, if there was any objection, it was that the evidence was immaterial and irrelevant. But defendant did not interpose such objection in the trial court, and, therefore, cannot do so here. *Second.* The evidence, however, was material. If persons were, and for a long time had been, in the habit of walking along the defendant's tracks at the point of the accident, then defendant's servants had reason to apprehend their presence there, and it became their duty to "be at their posts and to keep a lookout on the track to avert accidents." *Guenther v. Railroad,* 95 Mo. 286, and cases cited under point 2. ( 4 ) The plaintiff's instructions were correct, and defendant's were properly refused. *Guenther v. Railroad,* 95 Mo. 286. ( 5 ) The cause was retried in the circuit court in conformity to the previous decision of this court, and the same points now urged were then presented. For these reasons alone the judgment should be affirmed. *Adair Co. v. Ownby,* 75 Mo. 282; *Bank v. Taylor,* 62 Mo. 338; *Overall v. Ellis,* 38 Mo. 209.

THOMAS, J.—This is the second appeal by defendant in this case. 95 Mo. 286. This record presents substantially the same facts that the former record presented, except that plaintiff offered no evidence as to whether or not the railroad embankment at the point of the accident was within the line of Main street of the

city of St. Louis, and we refer to the opinion of the court on the first appeal for a statement of the facts and the issues of the case.

On a retrial the court gave the following instruction at the instance of the plaintiff : "The court instructs the jury that, although the deceased Guenther was guilty of negligence in walking upon defendant's track, yet if the jury believe from the evidence that while so upon the track said Guenther became in imminent peril of being struck by the defendant's train, and the defendant's employes in charge of said train became aware of his peril of being struck, in time to have enabled them, by the exercise of ordinary care, to stop said train, and to have averted the injury to said deceased, or if the jury believe that said employes, by the exercise of ordinary care, could have become aware of his peril in time to have done so ; and that they failed to exercise such care and stop said train, and that by reason of the failure to stop said train the said Guenther was struck and killed, then the jury should find for plaintiff. If the jury find a verdict for the plaintiff they will assess the damages at the sum of $5,000. Under the law the verdict, if for the plaintiff, cannot be for a larger or smaller sum."

The defendant asked and the court gave the following: "If the jury find from the evidence that the deceased, Jacob Guenther, stepped upon the western track of the defendant's railway just before the accident, in front of a passenger train approaching thereon from the north, and that he could have seen or heard said train if he had looked or listened, and that he went on said track without looking or listening for the same, and was struck by said train, then the verdict should be for the defendant, unless the jury further find from the evidence that said train could have been stopped by the employes of defendant in charge of said train by the exercise of ordinary care and prudence in time to

prevent the injury, after they became aware, or might have become aware by the exercise of ordinary care, of the peril of said deceased while on said track."

These instructions presented the issues of fact to the jury in strict accordance with the principles announced by this court on the former appeal in this case, and every question now pressed for consideration was fully answered then.

In *LeMay v. Railroad,* 105 Mo. 361, decided by division number 1 of this court June 29, 1891, SHER-WOOD, C. J., speaking for that division said: "If the deceased and others had for a long space of time by the tacit permission of the defendant company been accustomed to use the track of the defendant's road for the purpose of towing sand boats, then he was not a trespasser within the meaning of the statute, and this case, is, therefore, brought within the principle announced in *Williams v. Railroad,* 96 Mo. 275, and cases cited."

The *LeMay case* and the former opinion in the case at bar are decisive of every question now before the court, and the judgment is, therefore, affirmed. All concur.