HENRY J. OTT & COMPANY, Respondents, v. KANSAS CITY & INDEPENDENCE RAPID TRANSIT RAILWAY, Appellant.

Kansas City Court of Appeals, May 21, 1894.

Railway Street Crossing: CULVERT: STATUTE: COMMON LAW. The defendant's railroad ran east and west along the Westport road, a public highway. Chicago avenue terminates at the south line of said road, eighteen feet before reaching defendant's track. The petition averred that the road crossed the avenue and the defendant negligently failed, as its duty required, to keep the street crossing in repair, but that the wooden culvert in the said street was out of repair with a dangerous hole and a rotten board on the top thereof, by reason whereof plaintiffs' mare was hurt. *Held*, the statute imposes no duty on the defendant to maintain a crossing or approaches thereto at the point where the injury occurred, neither does the common law.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Karnes, Holmes & Krauthoff* for appellant.

(1) The petition in this case is not based on the provisions of section 2609 of the Revised Statutes of 1889. It does not allege that the railroad company had been required to put up boards by the officers having charge of streets in the city of Independence, and there was no evidence of any such requirement. Hence, by the express terms of the statute no duty was thereby imposed on the defendant in this case. This was conceded in the circuit court, but counsel there contended

that defendant was liable under the principles of the common law. *City of Hopkins v. Railroad*, 79 Mo. 98. It may be conceded that where a railroad crosses a public highway, the common law lays upon the company the duty of providing a reasonably safe and suitable crossing over its railroad. *Moberly v. Railroad*, 17 Mo. App. 518. But no such duty arises where the railroad does not cross the highway. A necessary allegation of the petition was therefore wholly without proof to sustain it, and it was consequently error in the court to refuse to so declare. (3) The culvert, or drain, was no part of any railroad crossing. The defendant company never had anything to do with the culvert in any way whatever, and ought not to be held responsible for its condition.

*Flournoy & Flournoy* for respondents.

(1) The petition in this case is sufficient to charge appellant either at common law or under the statute for failure to provide and maintain a safe and sufficient crossing. *Moberly v. Railroad*, 17 Mo. App. 518, at 538; *Hill v. Railroad*, 49 Mo. App. 520. (2) The term "crossing" both under the statute and at common law includes the necessary approaches to the railway. *Moberly v. Railroad*, 17 Mo. App. 518, *loc. cit.* 537; *Farley v. Railroad*, 42 Iowa, 234; *Maltby v. Railroad*, 52 Mich. 108; *Railroad v. Greenlee*, 62 Tex. 344; 4 Am. and Eng. Encyclopedia of Law, p. 907, title "What Part of Crossing." (3) Where one street crosses another, the space of intersection is common to both. *Neenan v. Smith*, 50 Mo. 525, *loc. cit.* 530. (4) The generic terms, "highway," "street" and "road" are interchangeable and include an "alley." In a more limited sense, "street" is a highway in a city and "alley" is simply a narrow street. Angell on High-

ways [3 Ed.], pp. 3, 4, 19, secs. 2, 3, 24; Anderson's Dictionary of Law, titles "Alley," "Street." *Bailey v. Culvert*, 12 Mo. App. 175–183; *Manchester v. Hartford*, 30 Conn. 118.

SMITH, P. J.—This is an action to recover damages for injury to plaintiff's mare, caused by her stepping into a hole in a box culvert or wooden drain, whereby she broke her leg. The petition alleged that defendant's railroad "crossed Chicago avenue, one of the public streets of the city of Independence," and "that it was the duty of defendant to keep the street crossing where its railroad crossed said Chicago avenue in a reasonably safe condition for public use;" that defendant negligently failed to do so; "that there was a wooden culvert in said street on defendant's right of way at the place where said street was crossed by said railroad; that said culvert formed a part of the crossing provided in said street over said railroad;" that said crossing was by defendant negligently permitted to become unsafe and out of repair "owing to the fact that there was a dangerous hole and a rotten board in the top of said culvert;" that plaintiff's horse stepped into said hole, and by reason of the alleged negligence, her leg was broken, and plaintiffs damaged.

It appears from the evidence that Chicago avenue terminates at the south line of the Westport road, or something like eighteen feet before reaching the defendant's railway track, which is located on and along the Westport road at that point. The defendant no doubt had acquired an easement over this road which we infer was a public highway. The railway track was so located on and along the public highway as to leave space enough on each side of it for the public travel. Whether it was made a condition of the grant of this easement to defendant that it should construct and

maintain crossings and the approaches thereto over its track opposite the termination of streets leading away from the public highway, or at other points thereon for the use of those of the public who might desire to pass from one side of the railway track to the other, does not appear from any evidence in the record.

It is clear that Chicago avenue does not cross the railway track or the public highway as charged in the petition. The statute imposes no duty on the defendant to maintain a crossing, or the approaches thereto, at the point where the plaintiffs' mare was injured. R. S. 2005. Nor does it appear that by the common law the defendant was in duty bound to maintain a crossing and approaches thereto at that place.

The evidence having failed to show a statutory or common law duty of the defendant to maintain a crossing or approaches thereto, the principles announced in *Moberly v. Railroad*, 17 Mo. App. 518, and *Hill v. Railroad*, 49 Mo. App. 520, cited by plaintiffs are without application.

The petition stated a good cause of action, but there was such a total failure of proof of its allegations in the particular indicated, as not to entitle plaintiff to recover and the court should have so declared when requested thereto by defendant and for its failure in that regard, the judgment must be reversed and the cause remanded. All concur.