Coughlin v. Lyons.

· COUGHLIN, Respondent, v. LYONS & SULLIVAN, Appellants.

1. The technical rules of pleading should not be enforced in suits before jus-
tices of the peace ; hence where the statement of the cause of action filed
with the justice is in the following form : "1855.   Feb. 20.   L. & S. to P.
J. C., *Dr.*   To 41 hams, 464½ lbs. at 10 cents, $46 45 ; to 2 b'ls. whisky,
77½ gal's, at 28 cts., $21 70 ; total, $68 15 ;" *held,* that the cause of action
was made good by proof that the articles enumerated, being the property of
the plaintiff, P. J. C., had been wrongfully seized, at the instance of the
defendants, L. & S., in an attachment suit against a third person.

*Appeal from St. Louis Law Commissioner's Court.*

*Hart & Jecko,* for appellants.

    I. This action will not lie under the circumstances.   The ap-
pellants had never received any part of the said goods into their

possession or under their control. They were in the custody of the law, and no part of them had been converted in any shape by the law; but were, and remained, in the custody of the officer of the law. (Willett v. Willett, 3 Watts, 277; Sergeant v. Stricker, 1 Harr. 464.)

*A. J. P. Garesché*, for respondents, cited Floyd v. Whyley, 1 Mo. 458; Johnson v. Strader, 3 Mo. 254; Sparks v. Purdy, 11 Mo. 219; Hines v. McKinney, 3 Mo. 270; Mathew v. Johnson, 9 Mo. 232.

RYLAND, Judge, delivered the opinion of the court.

This court does not apply the formal technical rules of pleading to suits before justices of the peace; nor will we regard the nice distinctions separating forms of actions as formerly known to common law courts to the proceedings of justices' courts. The justice has the right to require of the plaintiff, when the parties appear before him, a brief verbal statement of the nature of his demand. This statement, like the defendant's defence, is not reduced to writing; the pleadings are not put down formally, but the parties know the matter in dispute, and can have it tried between them.

When the suit is founded on an instrument of writing, it must be filed with the justice; and when founded on an account, a bill of the items must be filed before the justice issues his process. The process is general, "to answer the complaint of the plaintiff." Now here the account is as follows: "James Lyons and Edward Sullivan, partners as Lyons & Sullivan, to Peter J. Coughlin, Dr. 1855, Feb. 20, to 41 hams, 464½ lbs., at 10 cents, $86 45; 2 bbls. whisky, 77½ gals., at 28 cts. $21 70; total, $68 15." The proof shows that the defendants caused an officer of the law, a constable, to take this property—the hams and whisky—from the plaintiff's possession (the plaintiff also was proved to be the owner of the property) at the suit of the defendants against a third person, and to remove the same, and that the constable still had the property in his possession.

Now the defence is that this is an action for money had and received; that the amount shows it for goods, wares, and merchandise sold by plaintiff to defendants, and the proof does not support it. We consider that there is nothing in this objection. The action may be considered as trespass or trover, according to the nature of the real transaction, and the plaintiff may waive the tort and sue for so much money had and received. To this it is said that the suit for money had and received, to be sustained, there must be proof of the sale of the property taken and money received therefor. In courts of common law jurisdiction, where actions were separated into various kinds, this doctrine was recognized; but here there is no necessity for it, for this action itself may be considered as trover, or as trespass, and there is no necessity of the application of the doctrine about money had and received to plaintiff's use.

In proceedings before justices' courts it is common to make out such account or accounts in such a manner, and when we consider that the defendants have the right to require the justice to make the plaintiff state verbally the nature of his complaint, there is no room for suspicion or misapprehension on the part of the defendant. The court properly refused the instructions asked by defendants. The defendants had no right to make the constable take the plaintiff's property to pay the debt of a third person due to them. Upon the whole case, the judgment is affirmed; Judge Scott concurring.