JOHN R. CALVERT, Respondent, v. THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

*Railroads—Action—Negligence.*—In an action against a railroad company for negligently killing stock, the plaintiff must prove actual negligence, or such facts as impose a liability under the statute. (R. C. 1855, p. 649, § 5.)
*Pleading.*—(See Garner v. Hannibal & St. Jo. R.R., *ante*, p. 235.)

*Appeal from Shelby Circuit Court.*

The petition was as follows :

Plaintiff states that defendant is a corporation created by an act of the General Assembly of the State of Missouri, entitled " An act to incorporate the Hannibal and St. Joseph Railroad Company," approved February 16, 1847 ; and as such did, on or about the 15th day of April, 1859, in the county of Shelby aforesaid, by their agents, servants, locomotives and railroad cars, negligently and carelessly run over, maim and kill, certain cattle belonging to plaintiff, to-wit, one cow of the value of twenty-five dollars, and one heifer of the value of ten dollars ; for which he asks judgment.

*Lipscomb* and *Carr*, for appellant.

I. The petition does not show any legal cause of action against the appellant. It does not show that the stock sued for was not killed on a part of the railroad not enclosed in a lawful fence, nor does it show that it was not killed in the crossing of a public highway, so as to relieve the respondent of proof of *actual negligence or carelessness*. (Brown v. The Hannibal & St. Joseph R.R. Co. 33 Mo.)

II. But if the petition be held sufficient, then the evidence is not sufficient to sustain the petition.

*Pratt* and *Benjamin*, for respondent.

This was an action by plaintiff against the railroad for killing stock upon the line of its track.

The evidence shows that the cattle were killed upon an unenclosed part of the railroad, in Shelby county.

The railroad seems willing to contest all actions for killing stock, assuming that negligence on the part of the agents must be shown to entitle the plaintiff to recover under the railroad law. (R. C. 1855, p. 487, § 52.) This law only applies to enclosed fields, and excuses them if their railroad is lawfully fenced from the penalties imposed by the General Railroad Law.

The law of Missouri requires the railroads to fence their roads with a lawful fence. If said roads are not so fenced, and any animals are killed or injured by the cars, &c., the owner may recover the value of the stock without proof of any negligence of the agents. (R. C. 1855, p. 649, § 5—Damages.

It follows that the railroads are responsible by law for all negligent killing by their agents when the railroad is well fenced, and if not fenced, for any killing of stock; and in the case before the court, the verdict of the jury and judgment of the court below ought to be affirmed.

DRYDEN, Judge, delivered the opinion of the court.

The petition in this case contains a clear and concise statement of the facts, imposing a common law liability upon the appellant for the alleged negligence of its agents. But this is not enough for the appellant, who insists that the petition is bad because it does not likewise aver the facts necessary to create a statutory liability, and for this cause moves in arrest of judgment. It is unjust to the public that the time of the courts should be occupied in the consideration of a question so utterly devoid of merit.

There is nothing in the objection. The judgment, however, must be reversed.

There was a failure of evidence on the point of negligence. It was pretty clear the cattle were killed by the appellant's engines, but no fact or circumstance attending the killing was given indicative of negligence. No witness in the case was present when the injury was committed, nor did the evidence establish the facts which, under the fifth section of the act concerning damages, dispenses with proof of actual negligence, viz., that the road was not enclosed by a lawful fence at the place of the injury; nor that the accident did not occur at the crossing of a public highway. The evidence tended to show the absence of a fence, but there was nothing as to the public highway. If a party would relieve himself of the burden of proving actual negligence, he must show

both the want of enclosure and the occurrence of the injury at a place not the crossing of a public highway. The court below ought, therefore, to have directed the jury that there was a failure of evidence. As the case goes back, since the evidence preserved in the bill of exceptions shows several, and not a single trespass in killing the cattle sued for, we would suggest to the plaintiff the propriety of amending his petition, so as to show each several trespass in a separate count.

Let the judgment be reversed and the cause remanded. The other judges concur.