JOHN R. CALVERT, Respondent, *v.* HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

*Railroads—Negligence—Killing Stock.*—In an action against a railroad company for negligence in killing stock, the plaintiff may prove actual negligence, or show the facts from which the law raises the inference of negligence—R. C. 1855, p. 649, § 5. See S. C. 34 Mo. 242; Brown v. Hann. & St. Jo. R.R. Co., 33 Mo. 309.

*Appeal from Shelby Circuit Court.*

*James Carr*, for appellant.

I. This is an action for negligence, according to the rules

of the common law. The respondent is not entitled to recover unless he proves actual negligence, and this he has totally failed to do. The case made in the petition is entirely different from the case made by the proof and the instructions. The pleadings show a common law liability; but the case made by the instructions assumes a statutory liability. —Atwood's Adm'r v. Fox, 30 Mo. 499; Beck v. Ferrara, 19 Mo. 30; Link v. Vaughn, 17 Mo. 585; R. C. 1855, p. 649, § 5; id. p. 437, § 52; Picott v. Vattier et al., 9 Pet. 415; Smith v. Hann. & St. Jo. R.R. Co. 37 Mo. 287.

II. The respondent is not entitled to recover on statutory grounds, as he attempts to do by the first instruction, for the reason that the *allegata* and *probata* must correspond. He cannot allege one thing and prove another.

*J. F. Benjamin*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

When this case was before this court on a former occasion, the judgment was reversed because the evidence adduced on the trial did not disclose actual negligence on the part of the appellant, nor that the injury was committed where the road was not enclosed by a lawful fence, or at the crossing of a public highway. After the cause was remanded, the petition was amended in accordance with the suggestion of the judge who delivered the opinion in this court, and two counts were embodied declaring on each several trespass. On the second trial in the Circuit Court before a jury, it was clearly shown by the evidence that the injury occurred at a place which was not a crossing of a public highway, nor was it enclosed by a lawful fence. The jury, under the instructions of the court, found for the respondent, and the appellant appealed on the ground that the petition only showed a common law liability, and that no recovery could be had without proof of actual negligence; and that a party seeking to recover on statutory provisions, must declare specially on the statute.

It was said in the case of Brown v. Hann. & St. Jo. R.R. Co., 33 Mo. 309, that the "negligence may be established either by proof of the facts and circumstances attending the transaction, or by showing that the injury was done on a part of the road not enclosed by a lawful fence, or not in the crossing of a public highway—facts from which the law raises the inference of negligence"—R. C. 1855, p. 649, § 5. The same view was again reiterated and affirmed in this case —Calvert v. Hann. & St. Jo. R.R. Co., 34 Mo. 242.

With two direct decisions on the question, and where the judgment was only for the trifling sum of thirty-five dollars, the party must be absolutely in love with litigation in persisting in again bringing the case here.

The judgment is affirmed with ten per cent. damages.

The other judges concur.