HENRY B. IBA, Appellant, *v.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Respondent.

1. *Justice's court — Statement in, must show what.*—A statement of facts constituting a cause of action in a justice's court is sufficient if it advise the opposite party of the nature of the claim, and be sufficiently specific to bar another action.

2. *Damages — Railroad companies — Accident in town limits — Uninclosed fields — Suspended and dissolved corporations.*—In an action against a rail-

road company for the killing of a cow on its track, where the proof showed that the accident occurred within the limits of a town corporation, as shown by the paper plat of the town, but in fact away from any street, and in an open prairie, and in a case where the town corporation had been dissolved or suspended, the railroad company would be responsible, under the act of 1855 (Wagn. Stat. 310–11, § 43), for actual damages arising from failure to fence its track at the point of the accident, without proof of other negligence. The same action might also be brought under section 5, p. 520, Wagn. Stat.

3. *Corporations aggregate liable for misfeasance or neglect at common law, although liable to penal action under statute for same offense.*—Corporations aggregate are, in general, liable for misfeasance and non-feasance, whether that liability be expressly provided for or not. And where the statute creates a special duty on its part—such as the fencing of uninclosed prairie land, etc., by railroad companies—for the neglect of which a common-law action would lie, that action is not forbidden by the fact merely that an extraordinary liability in the nature of a penalty is also provided by the statute (Wagn. Stat. 310–11, § 43). The latter remedy is only cumulative.

4. *Justice's court—Jurisdiction—Venue must appear in transcript.*—In actions for injuries to cattle, etc., the justice's jurisdiction is confined to such as arise within their respective township; and when the transcript fails to show that the injury happened in the township where the justice held his court, the appeal must be dismissed.

*Appeal from Fifth District Court.*

*Jones & Herriford*, for appellant.

I. The statement was sufficient. (Burt v. Warne, 31 Mo. 296; Wathen v. Farr, 8 Mo. 327; Pearson v. Inlow, 20 Mo. 322; Early v. Fleming, 16 Mo. 154.)

II. The place where the cow was killed is admitted to have been open, uninclosed prairie land, and not at the crossing of any street. In such a case the railroad is not only liable to double damages, but it is unnecessary to show negligence. (Gorham v. Pacific R.R. Co., 26 Mo. 442; Powell v. Hann. & St. Jo. R.R., 35 Mo. 457; Price v. Hann. & St. Jo. R.R. Co., 35 Mo. 188.)

*Hall & Oliver*, for respondent.

The statement on which suit is brought is fatally defective. It does not show that the cow was killed in the justice's jurisdiction, nor does it allege want of fences or negligence.

BLISS, Judge, delivered the opinion of the court.

The plaintiff commenced his suit before a justice of the peace, and filed the following statement of his cause of action:

" EASTON, Mo., February 15, 1868.

"THE HANNIBAL AND ST. JOSEPH R.R. Co., to HENRY B. IBA, Dr., for damages amounting to sixty-five dollars, for a cow killed on railroad, on or about the 7th day of November, 1867, $65.

HENRY B. IBA.'

The defendant appeared, and, without objecting to the statement, the case went to trial. The plaintiff recovered judgment for sixty-five dollars — " double the valuation of the cow " — and defendant appealed. The Circuit Court gave judgment for only the actual value of the cow, which was reversed in the District Court. The first objection to the judgment is based upon the alleged defects of plaintiff's statement. The statute (Wagn. Stat. 814, § 13) requires " a statement of the facts constituting the cause of action;" but the same completeness requisite to a petition in the Circuit Court has never been required. It is sufficient if it advise the opposite party of the nature of the claim, and be sufficiently specific to be a bar to another action. This statement would be clearly defective as an original petition in a court of record, both in form and substance, and probably would not sustain a verdict. (West v. Hann. & St. Jo. R.R. Co., 34 Mo. 177 ; Dyer v. Pacific R.R., id. 127.) But before a justice of the peace it is not necessary to set out in writing all the facts which must be proved. Until 1855, no statement at all was required in cases like the one at bar — section 13, p. 814, Wagn. Stat., being then enacted. In Burt v. Warne, 31 Mo. 296, the plaintiff sued for damages to a building, making his statement in the form of a simple account, without any averment showing force or negligence, or any other fact that would charge the defendant, and the court held it sufficient. In Coughlan v. Lyons, 24 Mo. 533, the action was for damages for a wrongful seizure of plaintiff's property, in attachment against a third person; and the statement in the form of a simple account, without any allegation of tort, was held sufficient. The opinion could have been

sustained upon the ground that the plaintiff had a right to waive the tort and sue for the property; but it was founded as well upon the liberality with which proceedings before justices of the peace should be regarded. The case of Walthen v. Farr, 8 Mo. 322, is not inconsistent with the other cases. To the claim that practical injustice might arise from so meager a statement, it is only necessary to refer to Wagn. Stat. 822, § 12, by which the plaintiff is required to make a full verbal statement of the nature of his demand before proceeding to trial. It would be better if the original paper should clearly and simply set forth the facts constituting the demand according to the forms in Judge Kelley's New Treatise; but a more imperfect statement has never been held to be error. Justices' courts are popular tribunals, before which ordinary disputes can be adjusted without the aid of attorneys; and it would defeat the end of their organization if the rules of practice and pleading found necessary in courts of record were applied to their proceedings.

The defendant complains of the declarations of law in the Circuit Court, in which the court held: first, that the plaintiff was not entitled to the double damages given by the statute, but only to that actually suffered; second, that he was entitled to such damage notwithstanding that actual negligence, other than neglect to build the fence, was not proved; third, that the defendant is not required to fence the road where it passes through a town or village.

Of the first and third propositions the defendant can not complain, and the plaintiff does not; and it is only necessary to consider the second and its application. It appears that the plaintiff's cow was killed by defendant's cars on that part of its track running through the open prairie near the village of Easton, and within the paper plat of the town, as filed in the county recorder's office; but there were no streets in fact near where the accident happened. It also appears that there had been no election of officers and no actual organization since 1861. The court, in order to make its judgment consistent with its formal declarations of law, must also have held, first, that the town of Easton was not a corporation *de facto*, being dissolved and suspended; and

second, that if a railroad company shall fail to fence its track according to law, it is responsible for the actual damages arising from such neglect, without proof of other negligence, and without prosecution for double damages.

The court was clearly right in holding that the obligation to fence could not extend to the track within towns and cities; for though the streets be not actually opened, they are liable to be at any day, when the fence would be found an obstruction to crossing. (Meyer v. N. Mo. R.R. Co., 35 Mo. 352.) But it was also right in refusing to excuse the defendant in the case at bar. If any streets had been actually laid across its track, they only existed on paper, and there was no power to open them. The record does not advise as to whether the corporation was actually dissolved or only suspended.

The general rule is that a corporation is dissolved when it has lost its capacity to act or sustain itself by a new election of officers. (Ang. & Ames on Corp., ch. 22, § 3.) Nor does it greatly matter. The act of 1865 for the first time required the track to be fenced along "uninclosed prairie lands." The corporation of Easton had been at least suspended for several years, and the possibility that it might be revived at some future day was altogether too remote to excuse the performance of a plain duty. Upon the second point, the court considered the claim as one for actual damages, and not for the liability imposed by the statute; and as the plaintiff does not object to this view, it is immaterial whether his statement was broad enough to embrace the latter. The first paragraph of the section (Wagn. Stat. 310–11, § 43) positively requires the corporation to fence. If the section had stopped there, no doubt could reasonably exist as to the liability, without averment or proof of other negligence than the neglect to fence. A *quasi* corporation, like a county or township, is not liable for the neglect of its officers, as in failing to repair a road or bridge, unless expressly made so by statute, and then only liable according to the terms of the statute. (Mower v. Leicester, 9 Mass. 247; Bartlett v. Crozier, 17 Johns. 439.) But corporations aggregate are in general, like individuals, liable for misfeasance and non-feasance, whether that liability be expressly provided for or not. (Riddle v. Proprietors, etc.,

7 Mass. 186; Chestnut Hill, etc., v. Rutter, 4. S. & R., Penn., 6; Townshend v. Turnpike Co., 6 Johns. 90.) This general liability is nowhere now disputed; but it may be claimed that when the statute has enacted a specific liability, the corporation is exonerated from any other. It is sometimes so. If there would be no general liability for neglect of the duty imposed, unless enacted by statute, then it could only be held for the statutory liability. But when the statute creates a special duty, for the neglect of which a common-law action would lie, that action is not forbidden by the fact merely that an extraordinary liability in the nature of a penalty is also provided. The latter is only cumulative. The liability for the greater shall not of itself exclude the liability for the less, provided the latter could exist without the former; nor shall the greater include the less, if the less is wholly dependent upon the greater. The statute under consideration imposes the obligation to fence. It dispenses with any other proof of negligence if the fence is not built, and it compensates the sufferer with double the loss. If nothing were said about damages, the defendant would be liable for the actual loss; so, I imagine, he would be liable if nothing were said about the evidence. The obligation of itself creates the liability. The right to double compensation may be followed or abandoned. It neither creates nor supersedes the right. That would exist without it.

Parsons, J., in Riddle v. Proprietors, etc., *supra*, says: "For the proprietors, in support of their motion (in arrest), a reference was made to the several statutes creating our turnpike corporations, in which an action is given to any person specially injured by a neglect to repair the road. This provision was cumulative *ex majori cautela*, by the framers of the bills," etc.

Morris v. Androscoggin R.R. Co., 39 Maine, 273, was an action of case for damages to plaintiff's horse escaping from plaintiff's inclosure through a gap in the fence dividing it from the railroad. Defendant's charter, and also a general statute, imposed upon it an obligation to maintain fences, and provided a forfeiture to the owner of the land for its neglect. The court sustained the common-law action notwithstanding the statutory liability.

So, the case of Calvert v. The Hann. & St. Jo. R.R. Co., 34 Mo. 242, was a common-law action for killing stock, and the petition was held to be sufficient. The judgment was, however, reversed from failure of evidence either of ordinary negligence or of a neglect to fence. The case again came back, and is reported in 38 Mo. 467, where the judgment was sustained upon proof alone that the injury did not occur at a highway crossing, and that the road was not fenced. The action in that case was not brought for double damages, but the plaintiff relied upon section 5 of the chapter of damages (Wagn. Stat. 520); and the Circuit Court might have treated the case at bar as prosecuted under the same chapter, and, under the authority of Calvert v. Hann. & St. Jo. R.R. Co., sustained the statement filed with the justice, though regarding it as in the nature of a common-law petition.

There is one fatal objection, however, to this record. It has always been held that the proceedings of inferior courts should show jurisdiction; and though it were better in this case that it appear in the statement of the cause of action, yet if it were shown in the writ or transcript, it would suffice. In actions for injuries to cattle, etc., the justice's jurisdiction is confined to such as arise "within their respective townships," thus making it a local action. Though it might perhaps be gathered from the evidence that the injury occurred in Marion township, yet the record proper fails to show the fact; and on the authority of The State v. Metzger, 26 Mo. 65, and of Hausberger v. Pacific R.R. Co., *supra*, we must affirm the judgment of the District Court, reversing that of the Circuit Court. The other judges concur.