MINTER v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1.   **Railroads**: KILLING STOCK: STATEMENT: EVIDENCE.   A statement filed before a justice of the peace against a railroad for killing stock, and which is in the form of an account by plaintiff, "for killing three hogs, his property, on the 31st of July, 1881, at Arnold Station, in Gallatin township, Clay county, Missouri, $22," will admit proof of failure to fence as a ground for recovery, under the 5th section of the damage act.   Wag. Stat., p. 520; R. S., § 2124.

2.   **Killing Stock**: STATEMENT: AMENDMENT.   Such statement is susceptible of amendment, under Revised Statutes, section 3060, so as to allege in terms the absence of a lawful fence where the accident occurred, but the effect of the amendment would be to limit the plaintiff in his proof to the absence of the fence as a ground of recovery.

*Appeal from   Clay   Circuit   Court.*—HON. GEORGE W. DUNN, Judge.

AFFIRMED.

*George W. Easley* for appellant.

The original statement was a common law action; the amended statement was under the damage act. "It is evident that the whole cause of action was here changed. Instead of a common law action it was based on a statutory provision, clothed with new incidents and requiring different proofs." *Hansberger v. Railroad Co.*, 43 Mo. 199.

*Simrall & Sandusky* for respondent.

The lower court did not err in permitting the amendment. *Calvert v. Railroad Co.*, 34 Mo. 242, and 38 Mo. 467; *Iba v. Railroad Co.*, 45 Mo. 470; *Norton v. Railroad Co.*, 48 Mo. 388; *Iby v. Railroad Co.*, 54 Mo. 469; *Coughlan v. Lyons*, 24 Mo. 533.

Philips, C.—This action was begun before a justice of the peace by filing the following amended statement:

Hannibal and St. Joseph Railroad Company,
                To John F. Minter,                     Dr.

For killing three hogs, his property, on the 31st of
     July, 1881, at Arnold station, in Gallatin township, Clay county, Missouri...........................$22.00

Plaintiff recovered judgment from which defendant appealed to the circuit court. In the circuit court the plaintiff against the objection of defendant, by leave of the court, filed the following statement:

Hannibal and St. Joseph Railroad Company
                To John F. Minter,                     Dr.

To defendant negligently and wrongfully killing (3) three hogs of plaintiff on or about the 31st day of July, 1881, at a point on track of defendant's railroad company where same passes through Gallatin township, Clay county, Missouri, and where the track of defendant was not enclosed by a lawful fence, and where defendant could have lawfully fenced its said track, said hogs being killed because said defendant did not have its track lawfully fenced at said point, and that said hogs were reasonably worth about ($22) twenty-two dollars.

Plaintiff again had judgment from which the defendant after ineffectual motion for new trial, etc., has appealed to this court.

I. The principal error assigned by appellant for re-
9—82

versal of this judgment is, the action of the circuit court in permitting the plaintiff to file said amended statement. We are referred by appellant's counsel, in support of this objection, to the case of *Hansberger v. P. R. R. Co.*, 43 Mo. 196. The report of that case does not contain the statement filed with the justice. On examination of the transcript on file here it appears that the original statement in the justice's court, on which the justice rendered judgment, alleged that the railroad company "did injury to plaintiff as follows, that is to say, on or about the month aforesaid, at the county and state aforesaid, the employees of said company did run against, with a locomotive or cars, and did knock down and kill, two head of cattle of the value of $50, and said cattle belonged to plaintiff." It was of this statement that Wagner, J., in his opinion said: "The original statement filed with the magistrate was in the nature of a declaration at common law, and devolved on the plaintiff the burden of proving negligence in the defendent before he could succeed in maintaining his action." On appeal in the circuit court, the plaintiff filed an amended statement based on the fifth section of the damage act. Of this amendment he observed: "It is evident that the whole cause of action was here changed. Instead of a common law action it is based on a statutory provision, clothed with new incidents and requiring different proofs." Under the statement appealed from in that case to the circuit court the plaintiff would have been required to maintain his action, to prove that the injury resulted from the negligence of the employees of the defendant company in running and managing the train, because by his averments he had limited himself to that character of proof. Whereas by the amendment he proposed to show that the injury resulted from neglect to fence the road at that point on which he might recover without any proof of negligence in running the train. This amendment clearly was not permissible.

But, the case at bar is different. The original state-

ment was "for killing hogs, etc." It did not limit the proof to any particular character of negligence as the basis of defendant's liability. If a sufficient statement of a cause of action, the plaintiff might have given any proof of a negligent killing, whether of common law negligence or statutory, for failure to fence. In *Calvert v. Railroad Co.*, 34 Mo. 242, this court plainly suggested that under a petition alleging that defendant, a railroad company, did "negligently and carelessly run over, maim and kill certain cattle belonging to plaintiff," the plaintiff might prove, either actual negligence arising from the attendant circumstances of the killing, or mere constructive negligence arising from the failure to erect and maintain a fence. This case was again before this court in 38 Mo. 467 when the railroad made the distinct point that the petition showed only a common law liability, whereas the circuit court had permitted plaintiff to recover under the said 5th section of the damage act. The court again held that it was perfectly competent for the plaintiff to make proof either of the common law negligence "or by showing that the injury was done on a part of the road not enclosed by a lawful fence," etc. This question was again directly presented in the case of *Iba v. Railroad Co.*, 45 Mo. 470. That was an action before a justice of the peace. The statement was as follows:

"Hannibal & St. J. R. R. Co.,

    To Henry B. Iba,                                        Dr.

For damages amounting to $65 for a cow killed on
    railroad or on about 7th day of November,
    1867..................................................................$65.00 "

The court held this to be a sufficient statement to authorize the recovery of single damages, and, also, that under it, proof of the absence of a fence at the point of injury at a place where defendant might have fenced would authorize a recovery, reaffirming the cases above cited. Judge Wagner who had just written the opinion in *Hansberger v. Railroad Co.*, *supra*, concurred in this opinion.

In *Goodwin v. Railroad Co.*, 75 Mo. 73, the action was instituted in a justice's court. It was based on the carelessness and negligence of the company's servants in managing and running the locomotive and cars. Under this allegation it was held competent for the plaintiff to make proof of failure to ring the bell or sound the whistle, as prescribed by statute, as the basis of recovery. This doctrine is reaffirmed in *Braxton v. Railroad Co.*, 77 Mo. 455. Under the common law count for negligence it is held that the plaintiff "had the right to prove any negligence of the company that contributed to produce the injury complained of, including that of a failure to ring the bell or sound the whistle."

See also, *Mack v. Railroad Co.*, 77 Mo. 234. From all which it is manifest that the proof of failure to fence as the basis of recovery under the 5th section (new section 2124 R. S.) might have been introduced under the original statement. The amendment was permissible under R. S. section 3060. It does not introduce any new cause of action, nor in any wise change the proofs essential to recover for the omission or want of a fence, or devolve upon the defendant any new burden. The effect of the amendment was rather to limit the plaintiff in his proof solely to the absence of the fence, for under the amended statement he could not have made proof of any common law negligence. Of this restriction placed upon plaintiff's line of proof the defendant cannot complain, as the evidence was confined solely to the fact of the injury and the absence of any fence.

It follows that the judgment of the circuit court should be affirmed. All concur, except Norton and Sherwood, JJ., absent.