JOHN MORGAN, Respondent, v. THE METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 5, 1892.

1. **Limitations:** CONFLICT OF LAWS: LEX FORI V. LEX LOCI CONTRACTUS. Limitation statutes go only to the remedy, and none can be invoked to defeat an action except those enacted and in force in the jurisdiction where suit is brought, unless they do more than prescribe the time within which suit may be brought, and as well destroy and extinguish a cause of action once existing, when the *lex loci contractus* and not the *lex fori* will apply.

2. ———: ———: KANSAS STATUTE CONSTRUED. The limitation statutes of Kansas are construed merely to bar the remedy and not to go further and extinguish the cause of action; and, while said statute prescribes a bar of two years for an action for personal injury, such bar will be insufficient to defeat an action in this state for a personal injury received in Kansas, though brought after a lapse of two years.

3. ———: REMEDY: COMMON LAW AND STATUTORY RIGHT. Courts everywhere regard the matter of limitation of time in which actions shall be brought as merely a part of the process for the enforcement of rights, and not as any element in the make-up of the cause of action, except where the cause of action arises not from the common law, but exists only by reason of some statute wherein there is a specific limitation on the right to sue; and, if suit on such statutory cause of action be brought in a foreign state, the limitation prescribed by the act creating and limiting its life will apply.

4. ———: PERSONAL PROPERTY: ADVERSE POSSESSION. When personal property is held adversely in one state for a sufficient time to acquire title thereto, such title will be recognized in other states; but such cases are *sui generis* and proceed upon a different theory of law than the matter in judgment here. (*Robbins v. Sackett*, 23 Kan., *distinguished*, and *Finnell v. Railroad*, 33 Fed. Rep. 427, *doubted*.)

5. ———: ACKNOWLEDGMENT OF LIABILITY. That the Kansas statute of limitation affects only the remedy, and does not extinguish the cause of action, is argued from the fact that the state supreme court has repeatedly held that an acknowledgment of an existing liability on the part of the debtor will take the case out of the statute, and revive the cause of action, even though such acknowledgment be after the expiration of the time named for the bar of the action, and be without a passing consideration.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Pratt, Ferry & Hagerman*, for appellant.

(1) The law is well settled, if the law of the state where the cause of action arose extinguishes the same, that after its extinction suit cannot be enforced in a foreign jurisdiction; whereas, if such law merely bars the remedy, the law of the forum governs. *Baker v.*

*Stonebraker*, 36 Mo. 349; *Carson v. Hunter*, 46 Mo. 467; *McMurty v. Morrison*, 62 Mo. 140. (2) Did the law of Kansas extinguish the cause of action? If this does not extinguish the cause of action, we can conceive of no language that could do so. *Finnell v. Railroad*, 33 Fed. Rep. 427, 428.

*Samuel W. McCaslin* and *Robinson, O'Grady & Harkless*, for respondent.

(1) This case is to be determined so far as the statute of limitations is concerned by the statute of this state, and not of Kansas. *Carson v. Hunter*, 46 Mo. 467; *Sterling v. Winter*, 80 Mo. 141. (2) Actions barred by the statute of another state in which they arise, if not barred here, may be maintained in our courts, unless the statute of the state wherein the action arose be one not of repose, but presumption of payment. *McMurty v. Morrison*, 62 Mo. 140; *Lyman v. Campbell*, 34 Mo. App. 213; *Christmas v. Russell*, 5 Wall. 290; *Bank v. Dalton*, 9 How. 522; *Schoonmaker v. Gilmore*, 102 U. S. 118; *Wilson v. McBamee*, 102 U. S. 572; *Mostyn v. Fabragis*, 1 Smith's Leading Cases, 1027; *Bernhard v. Green*, 3 Saw. 233; *Denio v. Railroad*, 103 U. S. 11; Cooley's Torts, 470; *Levy v. Boas*, 2 Bailey, 217; *Hale v. Lawrence*, 1 Zab. (N. J.) 714. (3) Whether the statutes of the state of Kansas are statutes of repose or of presumption of payment is to be determined by the decisions of the Kansas courts. *McMurty v. Morrison*, 62 Mo. 140. (4) The Kansas courts hold the statute pleaded to be one of repose and not one of presumption of payment. *Elder v. Dyer*, 26 Kan. 604; *Pracht v. McNee*, 40 Kan. 1; *Freeman v. Hill*, 45 Kan. 435; *Keith v. Keith*, 26 Kan. 40.

GILL, J.—The defendant is a Missouri corporation, and at the dates hereinafter mentioned owned

and operated a street railway in and through Kansas City, Missouri, and across the state line to and within the city of Wyandotte, in the state of Kansas. Its home offices were and are on the Missouri side, but it maintained also an office on the Kansas side of the line, where service of process may have been had under the Kansas laws. Plaintiff, at the time herein stated, was a resident of Kansas City, Missouri.

On May 1, 1888, the plaintiff, while a passenger on one of defendant's cars, was, through the negligence of the defendant's servants operating said car, personally injured. In August, 1890, plaintiff brought this suit in the circuit court of Jackson county, Missouri, and on a trial before the court without a jury there was judgment for the plaintiff in the sum of $300, and the defendant appealed.

To defeat this action but one point is relied upon, and that is the alleged bar of the Kansas statute of limitations. Under the Kansas statute an action of this nature is barred unless brought within two years after the same has accrued, while under the laws of this state such action is only barred after five years. This suit was brought after the expiration of the two years named in the Kansas laws, but within the five years named by our statute of limitations. The only question is, by which law is this action governed. The rule is quite universal, and as well understood, that limitation statutes go only to the *remedy*, and that none can be invoked to defeat an action except those enacted and in force in the jurisdiction where the suit is brought. If, however, the acts of limitation do more than prescribe the time within which a suit may be brought, but as well *destroy* and *extinguish* the right or cause of action which the party once had, then the *lex loci contractus* and not the *lex fori* will be applied. This doctrine is fully recognized and

enforced in *Baker v. Stonebraker*, 36 Mo. 349, and other cases cited in briefs of counsel.

The defendant's counsel admit this, but are here claiming that the Kansas statute of limitations, as pleaded in the answer, and introduced in proof, come within the exception to the general rule, and do, in effect, extinguish the cause of action. The statute of Kansas relied on reads thus, omitting such as is not pertinent:

"Sec. 18. Civil actions, other than for the recovery of real property, can only be brought within the following periods after the cause of action shall have accrued, and not afterwards: * * * Within two years * * * an action for injury to the rights of another." * * *

"Sec. 25. When a right of action is barred by the provisions of any statute, it shall be unavailable either as cause of action or ground of defense."

As already said, the contention of the defendant is that this statute from Kansas, instead of merely barring the remedy, goes further and absolutely *extinguishes* the cause of action. So, then, that the plaintiff, having failed to institute his suit within the two years, lost the right wherever the action may have been prosecuted. After a very careful consideration of the authorities, and the able briefs of counsel, we must decide the point against the defendant. We find the context of the Kansas statute of limitations conforms generally and substantially to that of other states, and it is laid down as a rule, almost without exception, that, while personal contracts are to be interpreted and fixed in their obligatory character by the law of the place where made, yet in determining the mode of procedure or the time within which the courts will be open for redress, the laws of the place where the suit is commenced must be looked to. Wood on

Limitations, sec. 8; Story on Conflict of Laws, sec. 582; Wharton on Conflict of Laws, secs. 534-8; 7 Wait's Actions & Defenses, sec. 8.

The disposition of the courts everywhere is to regard the matter of limitation of the time in which actions shall be brought as merely a part of the process for the enforcement of rights—a matter of seeking the remedy, and not as any element in the make-up of a cause of action. Some states have said to the "man with a grievance" that its courts would be open for so many years, or so long a period, to hear his complaint and award him a remedy; others make this a longer or shorter time. But all these have conceded—each to the other—the right to fix this limit to suit their own convenience and without hinderance from any other. So, then, as to what length of time courts will lend themselves to the litigant in the enforcement of his rights is left by common consent to the *lex fori;* each state or country regulates that for itself. The only pronounced exception to this rule which I can now call to mind comes from the enforcement of a mere statutory cause of action—a right arising, not from the common law, but from some state statute wherein there is a specific limitation on the right to sue. There it is understood that, as the cause of action exists only by reason of the statute, its life must be only so long as the creating statute directs. And, if suit be brought on such statutory cause of action in a foreign state, the limitation prescribed by the act will apply. *Boyd v. Clark,* 3 Fed. Rep. 849. Such a restriction on the right to sue in a case of this nature is regarded more as a condition qualifying the right of action than as a mere limitation on the remedy. *Railroad v. Hine, Adm'r,* 25 Ohio St. 629.

In the light now of the general rule thus understood and adopted by the courts of the country—to the

effect that the ordinary statutes of limitations, applicable to the enforcement of common-law rights, have no extra-territorial force—how ought we to construe the Kansas statute hereinbefore quoted? It is upon the above section 25 defendant's counsel relies for his contention that the limitation in Kansas amounts to an absolute extinguishment of the cause of action. We do not think the section was intended to effect that result. It would seem if such was the intention of the Kansas law-makers more definite terms would have been used. As already said, the context of the twenty-four sections of that general law reads practically as other acts of limitations, and seems only to prescribe limits within which suits must be brought in the courts of Kansas. No design appears from reading section 18, or other sections of that law, that there was any different purpose than is general in such statutes in the country. And, if by the last section of the article relating to limitations, it was intended to introduce so material and radical a modification of the entire law as contained in the previous sections, and as quite universally understood throughout the country, surely such dubious and uncertain language as contained in this section 25 would not have been used. In our opinion this section 25 was meant simply to declare that, not only would the statute bar the causes of action set up in the petition or complaint, but would cover as well matters set up in defense in the way of counterclaim, etc. Giving it this construction, we have the limitation law of Kansas in harmony with others from which it, in a large measure, was copied, and consistent, too, with the entire scope and purpose of such statutes, as universally understood throughout the country.

If the supreme court of the state of Kansas had construed this section, and in the manner here insisted

Morgan v. The Metropolitan Street Ry. Co.

on by defendant, we should of course feel obliged to adopt its ruling; but we have been cited to no case from that state, nor has our examination disclosed any where such a view has been adopted. *Robbins v. Sackett*, reported in 23 Kan. does not support defendant's contention. In that case Mrs. Sackett sued for the conversion of a certain personal chattel. It was shown at the trial that she had been in the open, notorious possession thereof for more than the statutory period of limitations, and, hence, as between her and the defendants she had the title. In the opinion, Judge VALENTINE states that the property was that of Mrs. Sackett, whether the right should be asserted as a plaintiff or defendant (citing section 25, civil code, same as quoted above), clearly as we think having in mind the province of section 25 of the Kansas act of limitations as we have heretofore declared. But it seems that judges and text-writers all agree, when personal property is held adversely in one state for a sufficient time to acquire title thereto that such title will be recognized in other states. In such cases lapse of time not only bars the remedy but extinguishes the right to the property in question. These cases of contest over personal property, held in adverse possession for the statutory period, are *sui generis*, and proceed altogether upon a different theory of the law than the one we have been considering. See Wood on Limitations, sec. 10, and cases cited; Story on Conflict of Laws [8 Ed.] sec. 582; *Waters v. Barton*, 1 Cald. 450.

We must, however, concede that this opinion, in relation to the construction of the Kansas act of limitation, is in direct conflict with that of Judge THAYER in *Finnell v. Railroad*, 33 Fed. Rep. 427. However much we may and do respect so high an authority, we find ourselves unable to indorse the view of that eminent jurist. It seems the judge gave that opinion orally at

the close of a trial, and without any extended investigation.

We here note another consideration that tends to strengthen our construction of the Kansas statute of limitations, and that it only affects the remedy, and does not in fact *extinguish* the cause of action. It is this: It has been repeatedly held in that state that an acknowledgment of an existing liability on the part of the debtor will take the case out of the statute and revive the cause of action, even though such acknowledgment shall be after the expiration of the time named for the bar of the action. *Elder v. Dyer*, 26 Kan. 604. If now the passage of the time would obliterate or destroy altogether the cause of action, then it may be well claimed that a mere acknowledgment of a past indebtedness (and that it was still unpaid) could not revive the cause of action, unless indeed there was a consideration passing at the time.

In the treatment of this subject we have referred to the law as declared in actions on contract, but it can hardly be disputed that precisely the same rules apply in actions *ex delicto*, such as this. *Nance v. Railroad*, 33 Fed. Rep. 429.

We deem it unnecessary to discuss other points presented in briefs of counsel, since our conclusion on this question is decisive of the case in hand.

According to our view then, the statutes of limitation of the state of Kansas have no place in this case; but the right to prosecute this suit in the courts of Missouri is controlled alone by the statute laws of that state.

Judgment affirmed.   All concur.