WM. J. HURLEY, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 30, 1894.

1. Trial Practice: PETITION: AMENDMENT: CAUSE OF ACTION. A defendant waives an amendment to the petition which is a departure from the cause of action set out in the original complaint by pleading over and going to trial.

2. **Evidence**: PLEADING: NEGLIGENCE: FENCING RAILROAD TRACK. Under common law allegations for negligently and carelessly maiming and wounding plaintiff's mule by negligent and careless management, running and operation of its train, plaintiff may introduce a statute requiring railroad companies to fence their right of way.

3. **Interstate Comity**: ENFORCING STATUTE OF SISTER STATE: TEXAS STATUTE. There is nothing in the law of Texas requiring railroads to fence their tracks repugnant to the laws of Missouri and, in enforcing its provisions, the courts of Missouri are at the same time carrying out the spirit of their own statute law on the same subject.

4. **Evidence**: PRESUMPTION AS TO LAW OF SISTER STATE: TEXAS. It was unnecessary to introduce the Texas statute as our courts would assume the laws of that state to be the same as the laws of this. There is no presumption that the common law exists in Texas, that state never having been subject to the laws of England.

5. **Railroads**: FENCING TRACK: NEGLIGENCE: ACTION. The failure of a defendant to fence its road in Texas where it ran over plaintiff's mule, was a violation of a duty imposed by law and was negligence for which plaintiff can sue in any jurisdiction as the action is transitory.

6. **Limitation**: TEXAS STATUTE: LEX FORI. The Texas statute of limitation can not bar the action in this state as the *lex fori* must govern.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Jackson & Montgomery* for appellant.

(1) The court erred in refusing to strike out the amended petition. The original petition stated a cause of action founded upon a statute of the state of Texas, making a railroad company liable without proof of negligence unless the track was fenced, while the amended petition stated a common law action, based upon negligence in running and operating a train of cars. These were inconsistent and the proof of one would not sustain the other. *Lamkin v. Collier*, 69 Mo. 170; *Lottman v. Barnett*, 62 Mo. 159; *Parker v. Rodes*, 79 Mo. 88; *Holliday v. Jackson*, 21 Mo. 660; *Gregory*

*v. Railroad,* 20 Mo. App. 448; *Hall v. School Dist.*, 36 Mo. App. 21; *Sims v. Field,* 24 Mo. App. 557; *Clement v. Greenwell,* 40 Mo. App. 589; *Drake v. Railroad,* 35 Mo. App. 553; *Boughton v. Railroad,* 25 Mo. App. 10; *Wood v. Railroad,* 58 Mo. 109; *Collins v. Railroad,* 65 Mo. 230; *Luckie v. Railroad,* 67 Mo. 245; *Rhea v. Railroad,* 84 Mo. 345. (2) The court erred in admitting in evidence article 4245 of the Texas statutes under the amended petition. The cause of action there stated was that the defendant negligently operated its train of cars. The above article of the Texas statutory law in no manner tended to support the allegations of the amended petition, and was not pleaded therein. Cases cited under previous point; 3 Am. and Eng. Encyclopedia, p. 539. (3) The court should have given the peremptory instruction prayed by defendant, or, having failed to do that, should have granted a new trial. *First.* There was no evidence whatever of any negligence in the operation of the train, and the allegations of the petition were therefore wholly unproven. *Second.* The evidence offered tended to prove a cause of action not pleaded in the amended petition, and one unknown to the laws of Missouri. *Third.* The cause of action pleaded was at the common law. If any was proven it depended entirely upon the statute of Texas. It was local and penal in its character, and was a police regulation of another state, which will not be enforced in our courts. *Revelle v. Railroad,* 74 Mo. 438; *Davis v. Railroad,* 19 Mo. App. 430; *Thrope v. Railroad,* 27 Vt. 148; *Corwin v. Railroad,* 13 N. Y. 42; *Emmons v. Railroad,* 29 N. W. Rep. 202; *Blair v. Railroad,* 20 Wis. 254; *Usher v. Railroad,* 17 Atl. 597; *Railroad v. McCormick,* 9 S. W. Rep. 540; *Altrill v. Huntington,* 2 Law. Rep. An. 779. (4) A cause of action given by article 4325 of the Texas civil statutes, introduced in

evidence by plaintiff, was terminated by the statute of that state in two years, and this action having been commenced more than two years after the alleged injury the plaintiff was not entitled to recover. 2 Wood on Lim., p. 35; *Eastwood v. Kennedy*, 44 Md. 563; *Baker v. Stonebraker*, 36 Mo. 349; *McMirty v. Morrison*, 62 Mo. 140; *Railroad v. Hine*, 25 Ohio St. 629; *Halsey v. McLean*, 12 Allen, 439; *Boyd v. Clark*, 8 Fed. Rep. 849; *Oates v. Railroad*, 104 Mo. 514. In such cause of action the bar is absolute, and no acknowledgment can avoid the statute, or revive or continue the cause of action. 1 Wood on Lim., p. 176; *Revelle v. Railroad*, 74 Mo. 438. (5) If it is now claimed that the Texas statute does not give a cause of action, but only determines the character or fixes the quantum of evidence necessary to establish negligence, still plaintiff was not entitled to recover on the strength of that statute, because the state of Texas could not by her legislation regulate the practice in our courts.

*G. W. Barnett* for respondent.

(1) The defendant by filing its answer to the plaintiff's amended petition and proceeding to trial thereon, waived all objections to the filing of the amended petition and waives all exceptions to the ruling of the court in overruling motion to strike out the amended petition. *Scovill v. Glasner*, 79 Mo. 449; *Hill v. Morris*, 21 Mo. App. 256; *Lawless v. Lawless*, 39 Mo. App. 529; *Friggle Adm'r v. Hobbs*, 42 Mo. 537. But the court committed no error in overruling the motion to strike out the amended petition, because such an amendment is permissible. *Minter v. Railroad*, 82 Mo. 128. (2) Under a common law action for the negligent killing of stock by a railroad company, proof of failure to fence where required by statute to be fenced, is admissible,

and hence it is admissible to prove as an element of negligence that the statute of Texas required the road to be fenced where the injury occurred. *Minter v. Railroad*, 82 Mo. 128; *Calvert v. Railroad*, 34 Mo. 242; s. c., 38 Mo. 467; *Iba v. Railroad*, 45 Mo. 470; *Goodwin v. Railroad*, 75 Mo. 73; *Braxton v. Railroad*, 77 Mo. 455; *Mock v. Railroad*, 77 Mo. 234; *Hill v. Railroad*, 49 Mo. App. 520; *Boone v. Railroad*, 20 Mo. App. 232. (3) The statute of limitations of Texas read in evidence by defendant does not apply. The law of the forum and not of the state where the injury occurred, governs in cases like this. *Morgan v. Railroad*, 51 Mo. App. 523; *McCarty v. Morrison*, 62 Mo. 140; *Lyman v. Campbell*, 34 Mo. App. 213; *Stanley v. Railroad*, 100 Mo. 435; *Sterling v. Hunt*, 19 Mo. App. 596; *Finnell v. Railroad*, 33 Fed. Rep. 427; *Byrne v. Crownshield*, 17 Mass. 55; *King v. Lane*, 7 Mo. 241; *Fletcher v. Spaulding*, 9 Minn. 54; *Nance v. Railroad*, 33 Fed. Rep. 429; *Shield v. Railroad*, 10 S. E. Rep. 268; *Bank v. Lovell*, 1 S. W. Rep. 426; *Krogg v. Railroad*, 77 Ga. 202; 3 Am. and Eng. Encyclopedia of Law, 583; 13 Am. and Eng. Encyclopedia of Law, 768; Cooley's Const. Lim., 127.

GILL, J.—This action was begun in December, 1890, and plaintiff's amended petition on which this case was tried in substance alleged: That on the twenty-seventh day of October, 1888, the defendant was in possession of and operating its railroad in Johnson county in the state of Texas; that plaintiff then and there owned a mule of the value of $200, which, without any fault of the plaintiff, strayed upon the track of the said railroad; "and plaintiff says the defendant so negligently managed, ran and operated said road that it, on the said twenty-seventh day of October, while running a certain engine and train of cars on said road,

and with said engine and cars negligently and carelessly ran over, maimed and wounded said mule so upon its track," rendering the same worthless, etc., to plaintiff's damage in the sum of $200, for which judgment was prayed.

The defendant answered, denying generally the allegations of the petition, and pleading specially the limitation law of the state of Texas, barring "an action for trespass for injury done to the estate or the property of another" after two years "after the cause of action shall have accrued." The issues were tried by the court sitting as a jury.

Over the objections of the defendant, plaintiff was permitted to introduce a section of the Texas statute, declaring, in effect, that railroad companies should be held liable for the damage to stock run over and killed or injured by the locomotives or cars where the tracks are not fenced. Plaintiff also introduced other testimony, showing ownership and value of the mule, that it was run over by defendant's train and rendered practically valueless, and that the track was not fenced where the mule was injured. Plaintiff asked no declarations of law. The defendant however requested an instruction in the nature of a demurrer to the evidence, which was refused and defendant excepted. The court then found for the plaintiff, gave him judgment for $150, and defendant appealed.

I.   The first matter complained of relates to the action of the court in permitting plaintiff to amend his petition. Counsel say that the amended petition is a clear departure from the cause set out in the original complaint. However this may be, since the defendant made answer to the amended petition and went to trial on the issues thus raised, all objections to the propriety of allowing the amendment are to be deemed as waived. *Scovill v. Glasner*, 79 Mo. 449; *Lawless v. Lawless*, 39

Mo. App. 539.

II. The second and third assignments of error may be considered together. It is insisted that the court erred in admitting the Texas statute imposing the duty on the defendant to fence its track, and further that, being admitted, such statute had no tendency to prove the case alleged in the petition. In other words it is said, the petition is grounded on alleged negligence in operating a train of cars, whereas the statute in question would only tend to sustain the charge of a failure to fence.

There is much reason and force in this contention. The very object of our code pleading is to advise the party sued of the exact nature of the charge against him. And released from controlling precedents, I should say, that if the plaintiff sought to hold a railroad company liable for damages by reason of the failure to fence its tracks, then the petition ought to so advise the defendant, and not cover up the real matter relied on by the use of such language as we have here, to wit: "that defendant so negligently and carelessly managed, ran and operated said road that it * * * negligently and carelessly ran over, maimed and wounded plaintiff's said mule," etc. However, beginning with *Calvert v. Railroad*, 34 Mo. 242, such a general allegation has been held sufficient to admit proof of a failure to fence as required by the statute. In that case under a petition alleging that the railroad company did negligently and carelessly run over, maim and kill, certain cattle belonging to the plaintiff, it was held that the plaintiff might prove either actual negligence arising from the circumstances of the collision, or mere constructive negligence arising from the failure to construct and maintain a fence. This holding was emphasized when that case again came back to the supreme court (38 Mo. 467), and has been since

repeatedly followed and approved. *Iba v. Railroad*, 45 Mo. 470; *Minter v. Railroad*, 82 Mo. 128, and cases cited; *Boone v. Railroad*, 20 Mo. App. 232; *Hill v. Railroad*, 49 Mo. App. 520.

III. The further question arises, admitting now that the failure by the defendant to fence its tracks in the state of Texas constituted negligence for which it may be held liable, should the courts of this state give their aid to enforce such responsibility? In Story on Conflict of Laws [8 Ed.], p. 35, it is said that "in the silence of any positive rule affirming or denying or restraining the operation of foreign laws, courts of justice presume the tacit adoption of them by their own government, unless they are repugnant to its policy or prejudicial to its interests." In the matter now in hand there is nothing in the law of Texas, requiring railroads to fence their tracks, repugnant to the laws of Missouri. Indeed the law of the two states is, in this regard, in entire harmony. The section of the Texas statute introduced in evidence is practically the same as that of our damage law (section 4428, Revised Statutes, 1889). It is the avowed policy of the legislature in the two states to require railroad companies to fence their rights of way where it can reasonably be done. While then we may be enforcing those salutary provisions of the Texas code, we are at the same time carrying out the spirit, if not the very letter, of our own statute law on the same subject.

There was not indeed any necessity for the introduction of the Texas statute. In the absence of any proof as to what was the law of Texas the courts here would assume such law to be the same as that of Missouri. It would not be presumed that the common law was there in force, since Texas was never subject to the laws of England. *Flato v. Mulhall*, 72 Mo. 522; *Bain v. Arnold*, 33 Mo. App. 631. In the absence, then,

of any evidence to the contrary the trial court would have presumed that in Texas there was the same obligation on the defendant, as here, to fence its railroad tracks.

The failure, then, of the defendant to fence its road at the point where plaintiff's mule was run over, was the violation of a duty imposed by the law, and was, therefore, negligence. And for damages thereby resulting to the plaintiff's property he might sue and recover in any jurisdiction. It was a mere transitory action.

It is clear that the limitation statute of Texas can not be used to bar this action. The *lex fori* must govern. This point is fully covered by a late decision of this court, and authorities there cited. See *Morgan v. Railroad*, 51 Mo. App. 523.

Judgment affirmed. All concur.