JOHN C. BENDER, Respondent, v. E. C. ZIMMERMAN, Appellant.

Kansas City Court of Appeals, April 24, 1899.

1.  **Pleading**: AMENDMENT: DEPARTURE: HOLDING DEED AS MORTGAGE: WAIVER.  An original and an amended petition are considered and it is held that both are an effort to have a deed absolute on its face declared a mortgage and to enforce plaintiff's right to redeem and compel defendant to account, and that the amendment does not constitute a departure; and that defendant having answered waived all objections to the propriety of the amendment.

2.  **Trusts and Trustees**: LIMITATIONS: REPUDIATION OF TRUST: TAX SALE.  Though a trustee permits the land, which by express agreement he holds for his *cestui que trust*, to be sold for taxes and bid in for himself, such act will not start the statute of limitation to run in favor of the trustee; and on the facts of this case such limitation did not begin to run until the trustee repudiated the trust by selling the land to an innocent purchaser.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

E. C. ZIMMERMAN and C. V. HICKMAN for appellant.

(1) Plaintiff had the right to amend his petition to more explicitly explain or state the cause of action mentioned in his petition, but he did not have the right to change its nature and character, and by so doing he substituted a new cause of action. Heman v. Glann, 129 Mo. 325; Ross v. Ross, 81 Mo. 85; Scovill v. Glasner, 79 Mo. 449; Parker v. Rodes, 79 Mo. 88; Sims v. Field, 24 Mo. App. 558; Drake v. Railroad, 35 Mo. App. 553; Phillips v. Broughton, 30 Mo. App. 148; Baldwin v. Whaley, 78 Mo. 186; Clark v. Transfer Co., 127 Mo. 255. The cause of action, if any existed against defendant, was one at law, and should have been so declared upon. (2) Defendant's demurrer to plaintiff's petition should have been sustained because the pretended cause of action mentioned in said petition is barred by the statute of limitation, and the laches of plaintiff. It is stale and inequitable, more than eleven years having elapsed since the pretended cause of action mentioned and stated in plaintiff's petition matured. Bush v. White, 85 Mo. 340; Larimore v. Bobb, 114 Mo. 446.

M. G. MORAN and JAMES MORAN for respondent.

(1) A trustee will not be permitted to deal with the property for his own benefit; he can not purchase an outstanding title and hold for his own use against his *cestui que trust,* even though such purchase is at a judicial sale and under a title superior to that conveyed to him as trustee. Roberts v. Moseley, 64 Mo. 507; Baker v. Railroad, 86 Mo. 75; Shaw v. Shaw, 86 Mo. 594; Pomeroy v. Benton, 77 Mo. 65; Hollingshead v. Case, 1 P. Wms. 720; Bent v. Priest, 86 Mo. 488; Smith v. Ricords, 52 Mo. 581. (2) In express and continuing trusts there can, from the nature of the case, be no limitation, and the possession of the trustee should be held to be the possession of the beneficiary. Bobb v. Woodward, 50 Mo. 102; Barnett v. Houston, 44 S. W. Rep. 689; Miner v. Beekman,

Bender v. Zimmerman.

50 N. Y. 337; Bollinger v. Chouteau, 20 Mo. 89; Wood on Limitation, sec. 225, pp. 454, 455; Perry on Trusts [3 Ed.], secs. 602k, 433, 863, 864; Mabary v. Dollarhide, 98 Mo. 198 and cases cited; Nave v. Smith, 95 Mo. 596. (3) Appellant complains because the trial court refused to sustain his demurrer and motions to strike from the files respondent's amended petition. The court committed no error in its rulings on these questions, and if it did, appellant is not in a position to complain. If he intended to avail himself of errors committed by the court in this respect, he should have let judgment go at the time and stood on his exceptions. By pleading over and going to trial on another issue, he voluntarily abandoned whatever grounds he might have had for a review of the action of the trial court. Scovill v. Glasner, 79 Mo. 454, 455; Pickering v. Tel. Co., 47 Mo. 459; Fuggle v. Hobbs, 42 Mo. 541; Hurley v. Railway, 57 Mo. App. 680; Davis v. Shoe Co., St. Louis Court of Appeals, not yet reported; opinion rendered March 15, 1898; Hart v. Ten Eyck, 2 John. Ch. 116, 117; May v. Le Claire, 11 Wall. 236-238; Mehan v. Forester, 52 N. Y. 280; Peabody v. Trubell, 2 Cush. 227-233; Maybary v. McClurg, 74 Mo. 590; Baldwin v. Whitcomb, 71 Mo. 651; Eck v. Hatcher, 58 Mo. 239; Henderson v. Henderson, 55 Mo. 534; Turner v. Johnson, 95 Mo. 431; Hannah v. Davis, 112 Mo. 599.

GILL, J.—This suit was commenced in August, 1895. Its object was to have defendant account for the value of forty acres of land which plaintiff conveyed to STATEMENT. him in January, 1881, by a deed absolute on its face, but which said conveyance was intended and understood by the parties at the time as a mortgage to secure a sum of $100 which one Albin owed defendant, and further indemnifying defendant on his liability for having signed a bond for costs in a suit wherein the plaintiff was interested. The deed conveyed one hundred and twenty acres of land and the original petition herein sought relief on

account of the whole—claiming that the debts for the security
of which the deed was made had been entirely paid off and
satisfied by the parties originally liable, and that defendant
had sold and conveyed the land to innocent third parties.

After this suit was instituted, however, defendant seems
to have conveyed back to plaintiff eighty out of the one hun-
dred and twenty acres, but as defendant had sold the remain-
ing forty to an innocent third party it was not reconveyed.
Thereupon plaintiff amended his petition complaining only of
the loss of the forty acres. The court was asked to hold and
declare the original conveyance a mortgage, that the debts for
the security of which it was made had been paid, and that
defendant be compelled to account for the value of the forty
acres which he (the defendant) had wrongfully sold.

Defendant's answer was a qualified denial of the allega-
tions in the petition. It admitted, however, that plaintiff
executed the deed to defendant, and that in April, 1891 he
(the defendant) sold and conveyed the forty acres to one
O'Fallon, an innocent purchaser, for the sum of $232.50.
The answer then set up that there were certain delinquent
taxes on the property, that suit was brought therefor by the
county collector, that on a judgment and execution therefor
the forty was sold in the year 1884 to one Irvine, who subse-
quently conveyed the same to him (the defendant). The
answer further invoked the bar of the statute of limitations,
and that plaintiff's alleged cause of action was stale, etc.

At the trial below, the court, as shown by its decree,
found that the deed was made by plaintiff to defendant, as
alleged in the petition, and that it was intended as a mortgage
to secure certain obligations, actual and contingent; that these
liabilities were subsequently paid by plaintiff; that in the year
1884 (or prior thereto) defendant was sued for certain delin-
quent taxes on the forty acres, and that he permitted judgment
to go, and that Irvine by defendant's request, and as his agent,
bid in the land, and the same was paid for out of defendant's

money; that thereafter (April 11, 1891) defendant sold and conveyed the land to O'Fallon who purchased same without notice of plaintiff's rights; that defendant, during the time he held the land paid the taxes for several years, which, with the amount paid Irvine on account of the tax sale, aggregated, according to the court's finding, $235.46.

The court also found the value of the land at the date of the sale of defendant to O'Fallon (April 11, 1891) to be $400. From this the court deducted the $235.46, amount paid out by defendant for taxes, and rendered judgment in plaintiff's favor for the balance of $164. 54. From this judgment defendant has appealed.

I.    Defendant's counsel insist that the trial court erred in allowing plaintiff to amend his petition, the point being that the petition upon which the case was tried was in equity, while the original was in an ordinary suit at law, in other words that there was a complete departure.

An examination of the pleadings discloses no such departure as suggested. Both petitions, fairly considered, may be well accepted as the statement, or attempted

PLEADING: amendment: departure: holding deed as mortgage: waiver.

statement, of the same cause of action. They both show an effort on the part of the plaintiff to have the transaction between him and the defendant declared a mortgage and to enforce plaintiff's right to redeem, compelling defendant, in view of the fact that he had disposed of the mortgaged property to an innocent third party, to account for its value. But even conceding defendant's contention as to the nature of the plaintiff's petitions, original and amended, and yet he is in no condition to complain. For the record shows that after the court's ruling on defendant's objections he filed answer to the amended petition and went to trial on the issues thus raised. All objections then to the propriety of such an amendment are to be treated as waived. Scovill v. Glasner, 79 Mo. loc. cit. 454; Hurley v. Railway, 57 Mo. App. 675.

In the matter of limitation it is difficult, from defendant's answer and brief, to discover upon what theory he seeks to bar the plaintiff's action. There was an apparent attempt to plead both the five and the ten years' clauses of the statute. We think, however, there is no merit in either contention. From the time when plaintiff first conveyed the land to defendant in the year 1881 to the date defendant disposed of the property in 1891, he, said defendant, occupied the relation of trustee in equity to plaintiff as *cestui que trust.* It was an express and continuing trust. The defendant took title to the property under a writing executed by him at the time, by which he agreed to hold it as an indemnity for certain contingent liabilities which said defendant might be subject to in the future. It is true that in 1884 defendant allowed a judgment to go against him for past due taxes; that the land was sold, bought in by a third party who at once conveyed same to defendant but the evidence clearly shows, as the trial court found, that said purchase at tax sale by said third party was in fact the defendant's purchase; he furnished the money and said purchaser acted at defendant's request and as his agent. The case stands then as though defendant had himself, and in his own proper person, become purchaser at the tax sale. The rule then finds application that a trustee will not be allowed to take advantage of his trust relation and acquire title adverse to that of his *cestui que trust.* Moreover the evidence tends to prove that in allowing the property to go to sale on the tax judgment defendant intended thereby to cure a defect in the title and shut out a supposed outstanding claim for dower. At all events defendant's position was not openly and manifestly hostile to plaintiff until the year 1891 when he sold and conveyed the property to a third party. At most then, the statute did not begin to run until that time which was less than five years before the institution of this suit. Until that date anyhow the defendant held the property by virtue of an

*Margin note:* TRUSTS and trustees: limitations: repudiation of trust: tax sale.

express trust created and existing by act and agreement of the parties. While so holding the defendant's possession was for and in behalf of the plaintiff. With respect to the statute of limitations in such cases, it is held that if a trust be constituted by act of the parties, then the possession of the trustee is the possession of the *cestui que trust* and no length of such possession will bar. 1 Wood on Lim. [2 Ed.], sec. 58, note. "The statute does not now and never did run against an express continuing trust in favor of the trustee, certainly not until he openly repudiates the trust." Bent v. Priest, 86 Mo. 475, 488; Keeton's Heirs v. Keeton's Adm'r, 20 Mo. 530; 1 Perry on Trusts [4 Ed.], sec. 433; 2 Perry on Trusts [4 Ed.], secs. 863, 864. The last named author says: "To enable a trustee, without giving up the possession, to turn it into an adverse holding against the *cestui que trust,* the evidence must be clear and unmistakable, and such adverse claim must be brought home to the *cestui que trust* beyond question or doubt." No such "clear and unmistakable" adverse holding or repudiation by the trustee was shown in this case, surely not until said trustee sold and conveyed the property to the third party in 1891. In our opinion then the plaintiff was not barred by the statute of limitations, nor was the demand so stale as that a court of equity ought not to enforce it.

A full consideration of the facts found by the court and contained in the record, satisfies us of the correctness of the judgment. It will therefore be affirmed. All concur.